1  Aaron L. Agenbroad (State Bar No. 242613)
   alagenbroad@jonesday.com
2  JONES DAY
   555 California St, 26th Floor
3  San Francisco, CA  94101-1500
   Telephone:  (415) 626-3939
4  Facsimile:   (415) 875-5700

5  Michael J. Gray (*pro hac vice* pending)
   mjgray@jonesday.com
6  Jones Day
   77 West Wacker
7  Chicago, IL  60601-1692
   Telephone:   (312) 782-3939
8  Facsimile:    (312) 782-8585

9  Attorneys for Defendant
   Abbott Laboratories
10

11                     **UNITED STATES DISTRICT COURT**

12                     **NORTHERN DISTRICT OF CALIFORNIA**

13

| | |
|---|---|
| 14  PAUL THORPE, on behalf of himself and others similarly situated, | Case No. 07-05672 RMW |
| 16                  Plaintiffs, | |
| 17       v. | **DEFENDANT'S NOTICE OF MOTION, MOTION TO DISMISS OR STRIKE CLASS ALLEGATIONS, AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR STRIKE CLASS ALLEGATIONS** |
| 18  ABBOTT LABORATORIES INC. a Delaware corporation, doing business in California as ABBOTT SALES, MARKETING & DISTRIBUTION CO.; and Does 1 to 50, Inclusive, | |
| 21                  Defendants. | Date:    February 1, 2008<br>Time:    9:00 a.m.<br>Dept.:   Courtroom 6, 4th Floor<br>Judge:   Ronald M. Whyte |

22

23

24

25

26

27

28

CHI-1615367v2

MOTION TO DISMISS
Case No. 07-05672 RMW

# **TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION AND MOTION ................................................................................. 1

REQUESTED RELIEF ............................................................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES ......................................................... 1

I.    Procedural History and Background ................................................................................ 3

II.    Argument ......................................................................................................................... 4

    A.    Plaintiff's Rule 23 Class Allegations Should Be Dismissed For Failure To Satisfy The Requirements Of Rule 23 ................................................................... 4

        1.    Plaintiff Cannot Certify A Class Under Rule 23(b)(1) Because He Can Neither Establish A Risk Of Inconsistent Judgments Nor That There Is A Limited Pool Of Funds ............................................................. 5

        2.    Plaintiff Cannot Certify A Class Under Rule 23(b)(2) Because Monetary Relief Predominates Over Any Request For Injunctive Relief ............................................................................................................. 7

        3.    Plaintiff Cannot Certify A Class Under Rule 23(b)(3) Because Class Treatment Under Rule 23 Is Not Superior To Other Forms Of Adjudication .......................................................................................................... 8

    B.    Plaintiff's Rule 23 Claims Are Incompatible With The Pending Section 216(B) Action And Must Therefore Be Dismissed ................................................ 9

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Allison v. Citgo Pet. Corp.*, 151 F.3d 402 (5th Cir. 1998) .......................................................... 7, 8

*Chao v. A-One Medical Serv., Inc.*, 346 F.3d 908 (9th Cir. 2003) ............................................... 11

*Clark v. McDonald's Corp.*, 213 F.R.D. 198 (D.N.J. 2003) ........................................................... 4

*Coleman v. General Motors Acceptance Corp.*, 296 F.3d 443 (6th Cir. 2002) .............................. 7

*Edwards v. City of Long Beach*, 467 F.Supp.2d 986 (C.D. Cal. 2006) ............ 2, 5, 8, 9, 10, 11, 12

*Ellison v. Autozone, Inc.*, No. C06-07522, 2007 U.S. Dist. Lexis 70187
   (N.D. Cal. Sept. 13, 2007) ......................................................................................................... 10

*Glewwe v. Eastman Kodak Co.*, No. 05-CV-6462T, 2006 U.S. Dist LEXIS 3349
   (W.D.N.Y. May 25, 2006) ......................................................................................................... 2, 4

*Herring v. Hewitt Assoc., Inc.*, No. 06-267, WL 2347875, (D. N.J. Aug. 11, 2006) ................ 4, 10

*Himmelman v. Continental Casualty Co.*, No. 06-166, 2006 WL 2347873
   (D.N.J. Aug. 11, 2006) ........................................................................................................... 2, 10

*Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165 (1989) ........................................................ 9, 12

*Jimenez v. Domino's Pizza, Inc.*, 238 F.R.D. 241 (C.D. Cal. 2006) ............................................... 6

*Kamm v. California City Development Co.*, 509 F.2d 205 (9th Cir. 1975) ................................. 2, 5

*Kinney Shoe Corp. v. Vorhes*, 564 F.2d 859 (9th Cir. 1977) ........................................................ 10

*LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286 (5th Cir. 1975) ........................................ 10, 11

*Leuthold v. Destination America, Inc.*, 224 F.R.D. 462 (N.D. Cal. 2004) ............................ 8, 9, 11

*Madrigal v. Green Giant Co.*, No. C-78-157, 1981 U.S. Dist. LEXIS 15325
   (E.D. Wash. July 27, 1981) ........................................................................................................ 10

*McClain v. Leona's Pizzeria, Inc.*, 222 F.R.D. 574 (N.D. Ill. 2004) ....................................... 10, 11

*Nelsen v. King Cty.*, 895 F.2d 1248 (9th Cir. 1990) ....................................................................... 7

*Newman v. Sathyavaglswaran*, 287 F.3d 786 (9th Cir. 2002) ........................................................ 3

*Otto v. Pocono Health Sys.*, 457 F.Supp.2d 522 (M.D. Pa. 2006) ...................................... 4, 11, 12

*Sepulveda v. Wal-Mart Stores, Inc.*, 237 F.R.D. 229 (C.D. Cal. 2006) ............................. 5, 6, 7, 8

*Tran v. Le French Baker, Inc.*, No. C-94-0482 VRW, 1995 WL 374342
   (N.D. Cal. June 14, 1995) .......................................................................................................... 11

| | |
|---|---|
| 1 | *In re Syncor ERISA Litigation*, 227 F.R.D. 338 (C.D. Cal. 2005) ............................................. 6, 7 |
| 2 | *Zinser v. Accuflix Research Inst., Inc.*, 253 F.3d 1180 (9th Cir. 2001) ....................................... 6, 7 |
| 3 | **FEDERAL STATUTES** |
| 4 | 28 U.S.C. § 1367 ................................................................................................................................ 9 |
| 5 | Class Action Fairness Act of 2005, 28 U.S.C. § 1332 ...................................................................... 3 |
| 6 | Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) ........................................................ passim |
| 7 | Fed. R. .Civ. P. 12 ................................................................................................... 1, 2, 4, 9 |
| 8 | Fed. R. Civ. P. 23 ........................................................................................... 1, 2, 5, 6, 7, 8, 9 |
| 9 | **STATE STATUTES** |
| 10 | Cal. La. Code § 203  ......................................................................................................................... 1 |
| 11 | Cal. La. Code § 226 .......................................................................................................................... 1 |
| 12 | Cal. Bus. & Prof. Code § 17200 ....................................................................................................... 1 |

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NOTICE OF MOTION AND MOTION

TO PLAINTIFF AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on February 1, 2008 at 9:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Ronald M. Whyte, Defendant Abbott Laboratories Inc. ("Abbott") will bring on for hearing its Motion to Dismiss or Strike Class Allegations on Plaintiff Paul Thorpe's claims under California Labor Code §§ 203 and 226 and California Business and Professions Code § 17200. This Motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(6) and 23(d)(4).

## REQUESTED RELIEF

Abbott requests that the Court grant this motion and (1) dismiss the complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) and (2) strike all class allegations from the complaint pursuant to Federal Rule of Civil Procedure 23(d)(4).

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Abbott files this motion to dismiss and strike class allegations asserted by Plaintiff Paul Thorpe under the California Labor Code and the California Business and Professions Code. In this action, Plaintiff asserts claims for unpaid overtime for pharmaceutical sales representatives based on the same facts and circumstances as those alleged in the parallel federal action *Jirak v. Abbott Laboratories, et al.*, 07-cv-3626, currently pending in the United States District Court for the Northern District of Illinois. (See Complaint ¶ 1; *Jirak* Complaint ¶ 2, attached hereto as Exhibit 1 to the declaration of Aaron Agenbroad)[1]. In both cases, the plaintiffs – who are represented by the same counsel – claim that Abbott misclassified pharmaceutical sales representatives as exempt from overtime requirements. Having already asserted claims in the *Jirak* case as an opt-in collective action under Section 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), Plaintiff and his counsel now seek to bring a more expansive opt-out Rule 23 class action by recasting their overtime allegations as state law violations. However, Plaintiff's efforts to circumvent the opt-in requirement of the FLSA and

---

[1] Defendant requests that the Court take judicial notice of the filing of *Jirak v. Abbott Laboratories, et al.*, 07-cv-3626, on June 28, 2007 in the United States District Court for the Northern District of Illinois, attached to the Declaration of Agenbroad as Exhibit 1.

CHI-1615367v2

MOTION TO DISMISS
Case No. 07-05672 RMW

bring hundreds, or possibly thousands, of unnamed plaintiffs into court in this duplicative action should be denied because Plaintiff can neither meet the requirements of Rule 23 nor properly maintain his Rule 23 class action in light of the previously-filed FLSA action.

First, Plaintiff's class claims should be dismissed because it is apparent on the face of the complaint that Plaintiff cannot meet the requirements of Rule 23. It is well established that a court may dismiss class claims pursuant to Rule 12(b)(6) where it is apparent, even at this early stage in the litigation, that a plaintiff cannot meet Rule 23's requirements. *See, e.g., Kamm v. California City Dev. Co.*, 509 F.2d 205 (9th Cir. 1975); *Glewwe v. Eastman Kodak Co.*, No. 05-CV-6462T, 2006 U.S. Dist Lexis 3349 at 7 (W.D.N.Y. May 25, 2006). Here, even assuming that Plaintiff could meet the threshold requirements of Rule 23(a) – which defendants do not concede – he cannot meet the requirements of Rule 23(b)(1), (b)(2), or (b)(3). Specifically, Plaintiff fails to meet the requirements of Rule 23(b)(1) because he cannot establish a risk of inconsistent judgments or a limited pool of funds. Plaintiff cannot meet the requirements of Rule 23(b)(2) because his claims for compensatory damages and penalties clearly predominate over any request for injunctive relief. And Plaintiff cannot meet the requirements of Rule 23(b)(3) because a Rule 23 class action is not the superior method of adjudicating overtime claims where there is a pending FLSA case encompassing Plaintiff's and class members' claims.

Second, Plaintiff's class allegations should be dismissed for the separate and independent reason that class treatment under Rule 23 is "inherently incompatible" with the section 216(b) opt-in action currently pending in the Northern District of Illinois. *Himmelman v. Continental Casualty Co.*, No. 06-166, 2006 WL 2347873 (D.N.J. Aug. 11, 2006); *see Edwards v. City of Long Beach*, 467 F.Supp.2d 986, 992 (C.D. Cal. 2006). Courts routinely deny class treatment or dismiss class claims where plaintiffs also seek collective action treatment under the FLSA's Section 216(b). Faced with this trend toward dismissal of Rule 23 state law claims filed in the same action as Section 216(b) claims, Plaintiff and his counsel here try to avoid dismissal by filing their similar Rule 23 state and FLSA claims in separate actions. The principles that demand dismissal of Rule 23 claims filed in the same hybrid cases, however, apply to separately filed actions with equal force. That the state and federal overtime claims are asserted in different

actions does not diminish the recognized conflict between the opt-out mechanism of Rule 23 and the opt-in mechanism of Section 216(b).

For these reasons, Plaintiff's class action allegations should be dismissed and struck from the complaint.

### I.  Procedural History and Background[2]

On September 25, 2007, Plaintiff filed his complaint in this action alleging that Abbott's pharmaceutical sales representatives and "other similar positions" were improperly classified as exempt employees under California law. (Complaint ¶¶ 1, 12-13). Plaintiff purports to bring this case on behalf of Abbott's pharmaceutical sales representatives in California for the period September 2003 to the present, and alleges that such employees were required to work more than 40 hours a week and were not paid overtime in violation of California's wage and hour laws. (Complaint ¶¶ 2-3). In addition to his claim for unpaid overtime under the California Labor Code and the California Business and Professions Code, Plaintiff also brings claims for failure to provide meal and rest breaks, failure to provide accurate itemized wage statements, and waiting time penalties. (Complaint ¶¶ 36-43, 46-47, 58-61). On November 7, 2007, Abbott removed the case to this Court pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332, § 1141, and § 1446.

On June 28, 2007, three months prior to commencing this action, Plaintiff's counsel filed a complaint in the United States District Court for the Northern District of Illinois styled *Jirak v. Abbott Laboratories, et al.*, 07-cv-3626, alleging that Abbott's pharmaceutical sales representatives and "employees who performed substantially the same work" were improperly classified as exempt employees under the Fair Labor Standards Act. (*Jirak* Complaint ¶¶ 2, 21). Plaintiffs in *Jirak* purport to represent all of Abbott's pharmaceutical sales representatives nationwide, including sales representatives in California during the time period covered by the allegations of this lawsuit, and allege that the putative class regularly worked in excess of 40

---

[2] All facts are drawn from the allegations in the complaint in this action and in the *Jirak* action. Abbott disputes the allegations set forth in the complaints, but assumes they are true for the purpose of this motion only. *See Newman v. Sathyavaglswaran*, 287 F.3d 786, 788 (9th Cir. 2002)(for purpose of a motion to dismiss, allegations of material fact are presumed to be true).

hours per week and were not paid overtime compensation.  (See *Jirak* Complaint ¶¶ 13-14, 24, 27).  Thus, all employees within the definition of the opt-out class described in the instant Complaint fall within the scope of the FLSA class definition in *Jirak*.  The parties in *Jirak* are currently engaged in discovery relevant to a motion for notice of conditional certification.  Such pre-notice discovery is set to be completed by December 31, 2007.

## II.     Argument

### A.     Plaintiff's Rule 23 Class Allegations Should Be Dismissed For Failure To Satisfy The Requirements Of Rule 23.

As an initial matter, the class allegations should be dismissed and struck from Plaintiff's Complaint because it is clear on the face of the complaint that the proposed class cannot meet the requirements of Rule 23.  *See Clark v. McDonald's Corp.*, 213 F.R.D. 198, 205 n.3 (D.N.J. 2003) ("A defendant may move to strike class action allegations prior to discovery in those rare cases where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met.").  Although Plaintiff has not yet moved for class certification, "courts may decide the issue of certification based on a review of the complaint prior to a party's motion to certify the proposed class.  In fact, Rule 23(c)(1) encourages courts to 'at an early practicable time determine by order whether to certify the action as a class action.'"  *Glewwe*, 2006 U.S. Dist. LEXIS 33449 at *7 (internal citations omitted).  Accordingly, many district courts have appropriately dismissed deficient Rule 23 class allegations pursuant to Rule 12(b)(6).  *See, e.g., Otto v. Pocono Health Sys.*, 457 F.Supp.2d 522, 524 (M.D. Pa. 2006) (granting motion to dismiss plaintiffs' Rule 23 state law class claims under Rule 12(b)(6) on grounds that Rule 23 opt-out state law class action claims could not proceed accompanied by a § 216(b) opt-in action); *Himmelman.,* 2006 WL 2347873, at *2 (granting defendant's motion to dismiss/strike plaintiff's Rule 23 class allegations because Rule 23 certification of state law claims is legally incompatible with FLSA claim); *Herring v. Hewitt Assoc., Inc.*, No. 06-267, WL 2347875, at *2 (D. N.J. Aug. 11, 2006) (granting defendant's Rule 12(b)(6) motion to dismiss Rule 23 class action allegations because they are incompatible with FLSA collective action).

1    To maintain a Rule 23 class action, a plaintiff must satisfy all the prerequisites of Rule
2    23(a) and the requirements of at least one of the three types of class actions enumerated in Rule
3    23(b).  FED. R. CIV. P. 23(a), (b); *see also Edwards*, 467 F.Supp.2d at 991.  This is true even at
4    this early stage of the litigation.  *See, e.g., Kamm v. California City Dev. Co.*, 509 F.2d 205 (9th
5    Cir. 1975) (affirming district court's order granting defendant's motion, brought at inception of
6    the case, to dismiss plaintiff-appellants' class action and striking class allegations from their first
7    amended complaint for failure to satisfy requirements of Rule 23(b)(3)).  Here, even assuming
8    that Plaintiff could satisfy the requirements of Rule 23(a), it is clear on the face of the complaint
9    that he cannot meet the requirements of Rule 23(b)(1), (b)(2), or (b)(3).

       **1.     Plaintiff Cannot Certify A Class Under Rule 23(b)(1) Because He Can Neither Establish A Risk Of Inconsistent Judgments Nor That There Is A Limited Pool Of Funds.**

12    To satisfy Rule 23(b)(1), a plaintiff must satisfy either Rule 23(b)(1)(A), which allows for
13    certification of a class if "the prosecution of separate actions ... would create a risk of ...
14    inconsistent or varying adjudications with respect to individual members of the class which would
15    establish incompatible standards of conduct for the party opposing the class;" or Rule
16    23(b)(1)(B), which requires a showing of a risk of adjudications with respect to individual
17    members of the class that would be dispositive of the interests of other members not parties to the
18    adjudications or substantially impair their ability to protect their interests.  FED. R. CIV. P.
19    23(b)(1)(A) & (B); *see Sepulveda v. Wal-Mart Stores, Inc.*, 237 F.R.D. 229, 245 (C.D. Cal. 2006).
20    Plaintiff cannot meet either of these standards.
21    In this case, Plaintiff does not allege any facts that establish a risk that separate actions
22    would produce incompatible judgments.  The Ninth Circuit has adopted an "extremely
23    conservative view" of whether this prong of the class test is met, requiring that either: "(1) rulings
24    in separate actions would subject defendant to incompatible judgments requiring inconsistent
25    conduct to comply with the judgment; or (2) a ruling in the first of a series of separate actions will
26    'inescapably alter the substance of the rights of others having similar claims.'"  *Sepulveda*, 237
27    F.R.D. at 244 (quoting *McDonnell Douglas Corp. v. U.S. Dist. Ct., C.D. Cal.,* 523 F.2d 1083,
28    1086 (9th Cir. 1975)).  The Ninth Circuit also has held that Rule 23(b)(1)(A) certification should

1  not be granted where the plaintiff's claims are primarily for monetary relief.  *See, e.g., Zinser v.*
2  *Accuflix Research Inst., Inc.*, 253 F.3d 1180, 1195 (9th Cir. 2001); *In re Syncor ERISA Litig.*, 227
3  F.R.D. 338, 346 (C.D. Cal. 2005).
4  　　　　There is no risk here of inconsistent judgments with which Abbott could not
5  simultaneously comply.  This case primarily involves Plaintiff's claim that he and putative class
6  members were misclassified as exempt employees and denied overtime compensation and
7  meal/rest breaks.  Plaintiff's damages claims raise no possibility of judgments posing inconsistent
8  standards, since Abbott could comply with verdicts directing payments as to some plaintiffs and
9  denying payments as to others.  *See Sepulveda*, 237 F.R.D at 245 (no risk of inconsistent
10 standards based on damages claims in exemption misclassification case); *Jimenez v. Domino's*
11 *Pizza, Inc.*, 238 F.R.D. 241, 250 (C.D. Cal. 2006) (same).  Similarly, Plaintiff's claims for
12 injunctive relief do not risk inconsistent adjudications.  Whether an individual is exempt is based
13 on that individual's job duties and time spent on those duties.  A determination as to the job duties
14 of one pharmaceutical sales representative would not "inescapably alter the substance of the
15 rights of other[]" putative class members.  *Sepulveda*, 237 F.R.D. at 245.  As the *Sepulveda* court
16 recognized, Abbott could treat some pharmaceutical sales representatives as exempt and others as
17 non-exempt as different verdicts might require.  *See id.*
18 　　　　Nor can Plaintiff meet the requirement of Rule 23(b)(1)(B), which requires he demonstrate
19 that the case involves a "fund with a definitely ascertained limit, all of which would be distributed
20 to satisfy all those with liquidated claims based on a common theory of liability." *Zinser*, 253
21 F.3d at 1197 (quoting *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 841 (1999)).  Rule 23(b)(1)(B)
22 applies only where there is a limited, fixed pool of money available to cover the would-be class
23 members' damages and where the claims brought contain no "unique facts or individual
24 relationships with" the party opposing class certification.  5 Moore's Federal Practice § 23.42.
25 Here, Plaintiff does not, and cannot, allege that Abbott has only a limited pool of funds to satisfy
26 the class claims, and because the claims seek individualized monetary damages, Plaintiff's class
27 allegations cannot satisfy the requirements of Rule 23(b)(1).
28

1   Finally, as discussed below, Plaintiff primarily seeks monetary damages and therefore this
2   case falls outside of the limited circumstances where plaintiffs in the Ninth Circuit can satisfy the
3   Rule 23(b)(1)(A) requirement for class certification. *See, e.g., Zinser*, 253 F.3d at 1195; *In re*
4   *Syncor ERISA Litig.*, 227 F.R.D. at 346.

**2.    Plaintiff Cannot Certify A Class Under Rule 23(b)(2) Because Monetary Relief Predominates Over Any Request For Injunctive Relief.**

7   The face of Plaintiff's Complaint also shows that he cannot meet the requirements of Rule
8   23(b)(2). It is well established, both in the Ninth Circuit and elsewhere, that class certification
9   under Rule 23(b)(2) is not appropriate where the relief relates "exclusively or predominately to
10  money damages." *Nelsen v. King Cty.*, 895 F.2d 1248, 1255 (9th Cir. 1990). *See also Coleman*
11  *v. General Motors Acceptance Corp.,* 296 F.3d 443, 448 (6th Cir. 2002) (reversing District
12  Court's grant of class certification and finding that injunctive relief did not predominate); *Allison*
13  *v. Citgo Pet. Corp.,* 151 F.3d 402, 411 (5th Cir. 1998) ("We, like nearly every other circuit, have
14  adopted the position taken by the advisory committee that monetary relief may be obtained in a
15  (b)(2) class action so long as the predominant relief sought is injunctive or declaratory.")
16  Moreover, "monetary relief predominates in (b)(2) class actions unless it is incidental to
17  requested injunctive or declaratory relief…." *Id.* at 413. Where the requested compensatory
18  relief requires individualized damages determinations, injunctive relief does not predominate and
19  the class should not be certified under Rule 23(b)(2). *Id.* at 415; *see also Sepulveda*, 237 F.R.D.
20  at 246.
21  Here, Plaintiff's request for compensatory relief clearly predominates over any claims for
22  injunctive relief. The claims in this case relate to Plaintiff's and putative class members' alleged
23  misclassification as exempt employees and the related claims for failure to pay overtime
24  compensation, to provide meal/rest breaks, and claims for waiting time penalties. Because
25  Abbott classified these employees as exempt, it has not directly maintained records of the hours
26  worked by each class member, and thus, assuming liability, the parties and the Court will be
27  required to review secondary data sources to determine working hours. Each class member will
28  have worked different hours – indeed, even individual class members may experience wide

CHI-1615367v2

- 7 -

MOTION TO DISMISS
Case No. 07-05672 RMW

variations in hours over the course of the liability period – requiring the Court to engage in a highly individualized analysis for each class member involving a review of voluminous data. Rule 23(b)(2) class treatment is not appropriate where "the damages sought will require highly individualized proof of the duties each [employee] actually performed, the hours spent on the duties, and the overtime hours actually worked." *Sepulveda*, 237 F.R.D. at 246. Nor is class treatment appropriate under Rule 23(b)(2) where damages are dependent "on the intangible, subjective differences of each class member's circumstances." *Allison*, 151 F.3d at 415. Thus, Plaintiff cannot seek certification under Rule 23(b)(2).

### 3. Plaintiff Cannot Certify A Class Under Rule 23(b)(3) Because Class Treatment Under Rule 23 Is Not Superior To Other Forms Of Adjudication.

In addition to compliance with the other requirements of Rule 23(b)(3), Plaintiff must demonstrate that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." FED. R. CIV. P. 23(b)(3). Despite Plaintiff's boilerplate recitation of legal conclusions regarding the superiority of class treatment (Complaint ¶ 30-31), where, as here, there are concurrent Rule 23 and § 216(b) claims arising out of the same factual allegations and asserted on behalf of the same individuals, class treatment pursuant to Rule 23 simply is not superior to other methods of adjudication. *See Leuthold v. Destination America, Inc.*, 224 F.R.D. 462, 469-70 (N.D. Cal. 2004) (declining to certify Rule 23 class because opt-in FLSA action is a superior method to adjudicate claims in that it affords individuals greater control over the adjudication of their rights); *Edwards*, 467 F.Supp.2d at 992-993.

In assessing whether a class action is superior, courts consider four factors:

> (1) the interest of each class member in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already commenced by or against the class; (3) the desirability of concentrating the litigation of the claims in a particular forum; and (4) the difficulties likely to be encountered in the management of the class action. Accordingly, the Court must compare the merits of proceeding as a class action under Rule 23, against alternative methods of resolving the dispute.

*Edwards*, 467 F.Supp.2d at 992 (internal citations omitted).

In this case, analysis of the first two factors demonstrates that Rule 23 class treatment is inferior to a § 216(b) opt-in action. First, a § 216(b) action is superior to a Rule 23 class action because, as an opt-in action, it "allows individuals to control their participation in the litigation in a far more expeditious fashion than does a Rule 23 class action." *Edwards*, 467 F.Supp.2d at 992 (internal citation omitted). Second, *Jirak*, the previously-filed FLSA case is based on the same factual allegations and covers the same individuals as the putative class in this case. The court in *Jirak* would have supplemental jurisdiction over any individual state law claims of putative class members in this action who affirmatively choose to pursue their claims. *See* 28 U.S.C. § 1367. *Jirak* provides an appropriate forum for putative class members who wish to pursue their wage claims against Abbott to resolve both their FLSA claims and any individual wage and hour claims under California law, without jeopardizing the claims of absent class members. Thus, the pending FLSA action is superior to class treatment under Rule 23 because it affords individuals greater control over their claims and provides "a more appropriate vehicle to hear the state law claims of plaintiffs who are interested in pursing such claims." *Edwards*, 467 F.Supp.2d at 993 (citing *Leuthold*, 224 F.R.D. at 470); *see Leuthold*, 224 F.R.D. at 469 (the ability of individual plaintiffs to bring their pendant state law claims in a § 216(b) action "undercuts all of the Rule 23(b)(3) factors.").

### B. Plaintiff's Rule 23 Claims Are Incompatible With The Pending Section 216(B) Action And Must Therefore Be Dismissed.

The Court should dismiss Plaintiff's class action allegations under Rules 12(b)(6) and 23(d)(4) of the Federal Rules of Civil Procedure for the additional reason that Plaintiff cannot maintain a Rule 23 opt-out action here in light of the previously-filed overlapping FLSA Section 216(b) opt-in collective action pending in the U.S. District Court for the Northern District of Illinois. Congress created the opt-in procedure under the FLSA "for the purpose of limiting private FLSA plaintiffs to employees who asserted claims in their own right and freeing employers from the burden of representative actions." *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 173 (1989). Allowing a plaintiff to circumvent the opt-in requirement and bring unnamed parties into court by calling upon state statutes that lack the opt-in requirement would

undermine Congress's intent to limit these types of claims to collective actions. *See, e.g.*, *McClain v. Leona's Pizzeria, Inc.*, 222 F.R.D. 574, 577 (N.D. Ill. 2004).

Consistent with the Congressional purpose behind the FLSA, courts in the Ninth Circuit have found Rule 23 class actions inherently incompatible with Section 216(b) claims. *See, e.g.*, *Edwards*, 467 F.Supp.2d at 992; *Madrigal v. Green Giant Co.*, No. C-78-157, 1981 U.S. Dist. LEXIS 15325 WL 2331, at *3 (E.D. Wash. July 27, 1981) (dismissing plaintiffs' state law wage claims on the grounds that "their inclusion in the complaint as alternative remedies for enforcing the FLSA runs afoul of the intent of Congress in enacting the FLSA"). As the Court in *Edwards* explained, "allowing both a § 216(b) collective action and a Rule 23 class action to proceed would frustrate the purpose of requiring plaintiffs to affirmatively opt-in to § 216(b) collective actions." *Edwards*, 467 F.Supp.2d at 993. Indeed, "the policy behind requiring FLSA plaintiffs to opt-in to the class would largely be thwarted if a plaintiff were permitted to back door the shoehorning in of unnamed parties through the vehicle of calling upon similar state statutes that lack such an opt-in requirement." *Id.* (quoting *Leuthold*, 224 F.R.D. at 470). *See also Himmelman.*, 2006 WL 2347873, at *2 (granting defendant's motion to dismiss/strike plaintiff's Rule 23 class allegations because state law class allegations are legally incompatible with FLSA claim); *Herring*, 2006 WL 2347875, at *2 ("[T]hese two schemes are inherently incompatible."); *see also Kinney Shoe Corp. v. Vorhes*, 564 F.2d 859, 862 (9th Cir. 1977) ("Rule 23 and § 216(b) class actions are 'mutually exclusive' and 'irreconcilable'"); *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 289 (5th Cir. 1975) (observing that the "two types of class actions are mutually exclusive and irreconcilable" and stating "[i]t is crystal clear that § 16(b) precludes pure Rule 23 class actions in FLSA suits"); *but see Ellison v. Autozone, Inc.*, No. C06-07522, 2007 U.S. Dist. Lexis 70187 (N.D. Cal. Sept. 13, 2007) (denying motion to strike state law claims in Section 216(b) FLSA action as premature).

In addition, allowing Plaintiff to assert concurrent Rule 23 class claims here would defeat Section 216(b)'s intent to afford individuals a substantive right to control the adjudication of their wage claims. As noted by one court:

> It is clear that Congress labored to create an opt-in scheme when it created Section 216(b) specifically to alleviate the fear that absent individuals would not have their rights litigated without their input or knowledge. To allow a Section 216(b) opt-in action to proceed accompanied by a Rule 23 opt-out state law class action claim would essentially nullify Congress's intent in crafting Section 216(b) and eviscerate the purpose of Section 216(b)'s opt-in requirement.

*Otto*, 457 F Supp. 2d at 524. Allowing a Rule 23 class to proceed here would effectively circumvent these substantive FLSA rights because any individuals who choose not to opt into the FLSA collective action will nevertheless have their wage claims resolved through the Rule 23 opt-out class action, and the collateral estoppel and/or *res judicata* doctrine will foreclose their ability to bring their own wage claims. *See e.g., Chao v. A-One Med. Serv., Inc.*, 346 F.3d 908, 920-923 (9th Cir. 2003) (dismissing the FLSA claims of one employee (out of 8) on *res judicata* grounds because she had previously filed state law overtime claims against her employer); *Tran v. Le French Baker, Inc.*, No. C-94-0482 VRW, 1995 WL 374342, at *2 (N.D. Cal. June 14, 1995) (finding plaintiff's FLSA collective action claims barred by the *res judicata* effect of plaintiff's prior state administrative claim for unpaid overtime).

Indeed, courts in the Ninth Circuit have held that a Rule 23 class action cannot be asserted simultaneously with an FLSA collective action because "confusion would result from requiring potential plaintiffs to both opt-in and opt-out of the claims in the suit." *Edwards*, 467 F.Supp.2d at 992; *Leuthold* 224 F.R.D. at 470. *See McClain*, 222 F.R.D. at 577 (noting "the inherently contrasting nature of opt-in versus opt-out actions would create challenges were these actions to proceed simultaneously in federal court" because, among other things, it is confusing for a potential class member to receive a notice indicating that they must opt out of some claims and opt in to others). Such confusion could result in the loss of rights by Rule 23 class members, because those who do not opt-out of a Rule 23 class are bound by the judgment and precluded from pursing their own wage claims. *See LaChapelle*, 513 F.2d at 288.

The decisions of these courts apply with equal force to Plaintiff's Rule 23 claims in this case even though the overlapping FLSA opt-in claims are being litigated in a different court. Indeed, there is no substantive difference as far as the purpose and intent of the FLSA is concerned between bringing the incompatible opt-in and opt-out claims in the same court or in

1  different courts.  Under either scenario, the Rule 23 opt-out class claims defeat the purpose of the

2  FLSA's opt-in procedure to protect the employer "from the burden of representative actions,"

3  *Hoffman-La Roche*, 493 U.S. at 173, or to provide absent class members with the power to

4  control the adjudication of their claims, *Otto*, 457 F Supp. 2d at 523-24.  Plaintiff still seek to

5  backdoor Rule 23 claims to attain a broader class than would be attained under a Section 216(b)

6  collective action, at the expense of both the Defendant and putative class members who do not to

7  opt in to the collective action.  Moreover, the potential for confusion that concerned the *Edwards*

8  court is even greater in the instant case because (1) putative class members would receive

9  conflicting opt-in and opt-out forms with two different procedures and (2) such forms would

10 come from two separate courts in different parts of the country.

11     Plaintiff thus can neither meet the requirements for class certification under Rule 23, nor

12 bring Rule 23 claims consistent with the pending Section 216(b) collective action claims.

13 Plaintiff's class allegations therefore should be dismissed or stricken from the Complaint.

14 Dated: November 15, 2007                JONES DAY

16                                         By: s/Aaron L. Agenbroad
17                                              Aaron L. Agenbroad

18                                         Attorneys for Defendant
                                            ABBOTT LABORATORIES