# Exhibit 1

RECEIVED

JUN 2 8 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMES JIRAK and ROBERT PEDERSEN, *on behalf of themselves and others similarly situated*, | ) ) ) ) ) | Case No. 07 C 3626 |
| Plaintiffs, | ) ) | JURY DEMANDED |
| v. | ) ) | JUDGE CASTILLO |
| ABBOTT LABORATORIES, et al. | ) ) | MAGISTRATE JUDGE MASON |
| Defendants. | ) | |

## COMPLAINT

**NOW COME** Plaintiffs JAMES JIRAK and ROBERT PEDERSEN, on behalf of themselves and others similarly situated, by and through their undersigned attorneys, and as their Complaint against Defendants ABBOTT LABORATORIES, et al., state as follows:

### INTRODUCTION AND CERTAIN DEFINITIONS

1.  This is an action for violation of federal wage and hour laws by and on behalf of former and current employees of Defendants, referred to below as "Covered Employees." The Covered Employees include James Jirak and Robert Pedersen ("Plaintiffs"). Pursuant to decision, policy and plan, these employees are unlawfully classified by Defendants as exempt from laws requiring overtime pay, but actually were and are non-exempt and entitled to overtime pay.

2.  In this pleading, the term "Covered Employees" means all persons who have been, are, or in the future will be employed by any of the Defendants in any pharmaceutical representative position, with the following titles, and employees who performed substantially the same work as employees with those titles (discovery may reveal additional titles and employees that should be

Abbott Laboratories

JUL 6 - 2007

Commercial Litigation

included):

    a.    Pharmaceutical Sales Representative

    b.    Professional Sales Representative

    c.    Specialty Sales Representative

    d.    Senior Specialty Sales Representative

    e.    Senior Pharmaceutical Sales Representative

and who were employed during the statute of limitations period for the particular claim for relief in which the term Covered Employees is used, including time during which the statute of limitation was or may have been tolled or suspended. The above job positions are referred to herein as "Covered Positions." "Covered Positions" includes only those representatives that visited physicians for the purpose of promoting prescription medication or equipment for use in human medicine.

3. In this pleading, "Defendants" means "defendants and each of them" and refers to the defendants named in the particular claim for relief in which the word "Defendants" appears. Defendants include Abbott Laboratories and all domestic affiliates and subsidiaries.

4. The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiffs bear the burden of pleading, proof, or persuasions. Plaintiffs reserve all rights to plead in the alternative.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA").

6. Venue is proper in this District because Defendants' principal executive offices are

controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiffs are informed and believe and thereon allege that each defendant acted pursuant to and within the scope of the relationships alleged above, that each defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants.

## FACTS

11. Plaintiffs hereby consent to sue Defendants under the FLSA § 16.

12. Upon information and belief, Defendants employ and have employed within the relevant periods thousands of pharmaceutical sales representatives in the United States.

13. Plaintiffs and the Covered Employees were paid a salary plus a bonus for work performed.

14. Specifically, upon information and belief, Defendants' managers, with the knowledge and consent of corporate management, systemically violated the law throughout the United States, in the following respects:

    a.) Failing to pay employees overtime compensation for hours worked in excess of forty hours per week; and

    b.) Failing to maintain accurate records of employees' time.

15. As set forth above, Plaintiffs were employed by Defendants.

16. During this time, Plaintiffs on a regular basis worked over 40 hours per week.

17. Plaintiffs sustained substantial losses from Defendants' failure to pay him overtime compensation.

18. Upon information and belief, other employees who worked for Defendants throughout the United States and who are FLSA Collective Plaintiffs and/or members of the classes (as defined below) were subjected to the same policies and practices and have sustained similar losses of compensation for numerous hours worked on behalf of Defendants.

19. Defendants, through their corporate management deliberately trained, supervised, instructed, and authorized managerial employees to engage in the above unlawful practices and have ratified their actions thereafter, in order to enhance corporate profits and reduce their labor costs.

## FLSA COLLECTIVE ACTION ALLEGATIONS

20. Plaintiffs bring the First Claim for Relief for violation of the Fair Labor Standards Act ("FLSA") as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b) on behalf of all Covered Employees employed by Defendants on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

21. At all relevant times, Plaintiffs and the other Covered Employees are and have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules (1) willfully failing and refusing to pay them at the legally required time an a half rates for work in excess of forty (40) hours per workweek, (2) willfully and inaccurately classifying them as exempt from overtime pay even though Defendants were aware that

the Covered Employees were non-exempt and entitled to overtime pay, and (3) willfully failing to keep records required by the FLSA. The claims of Plaintiffs stated herein are essentially the same as those of the other Covered Employees.

22. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The Covered Employees are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the Covered Employees via first class mail to the last address known to Defendants.

### FIRST CLAIM FOR RELIEF
(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*
Brought by Plaintiffs on Behalf of Themselves
and the FLSA Collective Plaintiffs)

23. Plaintiffs, on behalf of themselves and other FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs.

24. Plaintiffs are informed and believe and thereon allege that at all relevant times, each Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, each Defendant has employed, and continues to employ the FLSA Collective Plaintiffs as "employee[s]" within the meaning of the FLSA. At all relevant times, each defendant has had gross operating revenues in excess of $500,000.

25. Throughout the statute of limitations period covered by these claims, Plaintiff and the other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

26.     At all relevant times, Defendants have had, and continue to operate under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the FLSA Collective Plaintiffs at time and a half rates for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

27.     At all relevant times, Defendants willfully, regularly and repeatedly failed, and continue to fail to pay Plaintiffs and the FLSA Collective Plaintiffs at the required overtime rates, one and a half times their regular hourly rates, for hours worked in excess of forty (40) hours per workweek.

28.     Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs on behalf of themselves and the Covered Employees, pray for relief as follows:

A. A declaratory judgment that the practices complained of herein are unlawful under FLSA;

B. Certification of this action as a collective action brought pursuant to the FLSA § 216(b);

C. Designation of Plaintiffs as representatives of the FLSA Collective Action;

D. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

E. Penalties available under applicable law;

F. Costs of action incurred herein, including expert fees;

G. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216 and other applicable statutes;

H. Pre-Judgment and post-judgment interest, as provided by law; and

I. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## JURY DEMAND

Plaintiffs, on behalf of themselves and all other Covered Employees, hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

Respectfully submitted,

By:

_____
One of Plaintiffs' Attorneys

Charles Joseph
JOSEPH & HERZFELD, LLP
757 Third Avenue, 25th Floor
New York, NY 10017
Tel. (212) 688-5640
Fax (212) 688-2548
*Seeking Admission Pro Hac Vice*

David Sanford*
SANFORD, WITTELS & HEISLER, LLP
1666 Connecticut Avenue NW, Suite 310
Washington, DC 20009
Tel: (202) 742-7777
Fax: (202) 742-7776

950 Third Avenue, 10th Floor
New York, NY 10022
Tel: (646) 723-2947
Fax: (646) 723-2948
*Seeking Admission Pro Hac Vice

Eric B. Kingsley*
KINGSLEY & KINGSLEY
16133 Venture Blvd., Suite 1200
Encino, CA 91436
Tel. (818) 990-8300
Fax (818) 990-2903
* Seeking Admission Pro Hac Vice

Ira Spiro*
SPIRO MOSS BARNESS HARRISON & BARGE LLP
11377 W. Olympic Blvd, 5th Fl
Los Angeles, CA 90064
Tel. (310) 235-2468
Fax (310) 235-2456
*Seeking admission Pro Hac Vice

**Attorneys for Plaintiffs and Proposed Collective Action and Class Action Members**

Jonathan C. Goldman
GOLDMAN & EHRLICH
19 South LaSalle Street
Suite 1500
Chicago, IL 60603
Tel.: (312) 332-6733
Fax: (312) 332-4629
*Local Counsel*