1  Aaron L. Agenbroad (State Bar No. 242613)
   alagenbroad@jonesday.com
2  JONES DAY
   555 California St, 26th Floor
3  San Francisco, CA 94101-1500
   Telephone: (415) 626-3939
4  Facsimile: (415) 875-5700

5  Michael J. Gray (*pro hac vice* pending)
   mjgray@jonesday.com
6  Jones Day
   77 West Wacker
7  Chicago, IL 60601-1692
   Telephone:    (312) 782-3939
8  Facsimile:    (312) 782-8585

9  Attorneys for Defendant
   Abbott Laboratories
10

11 **UNITED STATES DISTRICT COURT**

12 **NORTHERN DISTRICT OF CALIFORNIA**

13

| | |
|---|---|
| PAUL THORPE, on behalf of himself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ABBOTT LABORATORIES INC. a Delaware corporation, doing business in California as ABBOTT SALES, MARKETING & DISTRIBUTION CO.; and Does 1 to 50, Inclusive,<br><br>Defendants. | Case No. 07-05672 RMW<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS OR STRIKE CLASS ALLEGATIONS** |

Defendant Abbott Laboratories, Inc.'s ("Abbott") Motion to Dismiss Plaintiff's or Strike Class Allegations (the "Motion") came on for hearing in the above-entitled action on February 1, 2008, in the United States District Court of the Northern District of California, courtroom of the Honorable Ronald M. Whyte, United States District Judge. Having fully considered all papers and evidence, in support of and in opposition to, Defendant's Motion, the Court hereby ORDERS that Defendant's Motion is GRANTED.

CHI-1617013v1                                    [PROPOSED] ORDER GRANTING MOTION TO DISMISS
                                                                       Case No. 07-05672 RMW

1   The class claims in the complaint are dismissed because, on the face of the complaint, Plaintiff cannot satisfy the requirements of Federal Rule of Civil Procedure 23(b)(1), (b)(2), or (b)(3). Thus, it is appropriate, even at this early stage of the litigation, to dismiss the complaint. *See, e.g., Kamm v. California City Dev. Co.*, 509 F.2d 205 (9th Cir. 1975). Additionally, dismissal of the class action complaint is necessary based on the incompatibility of this action with the overlapping and earlier-filed action under Section 216(b) of the Fair Labor Standards Act ("FLSA") pending in the United States District Court for the Northern District of Illinois. Congress created opt-in procedure under the FLSA "for the purpose of limiting private FLSA plaintiffs to employees who asserted claims in their own right and freeing employers from the burden of representative actions." *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 173 (1989). Allowing this putative Rule 23 class action to proceed along with the pending Section 216(b) collective action "would frustrate the purpose of requiring plaintiffs to affirmatively opt-in to Section 216(b) collective actions." *Edwards v. City of Long Beach*, 467 F.Supp.2d 986, 993 (C.D. Cal. 2006).

Accordingly, good cause appearing,

IT IS SO ORDERED.

Dated: _____

Hon. Ronald M. Whyte
Judge, United States District Court