1

2   Eric B. Kingsley                        Charles Joseph
    kingsleylaw@aol.com                     charles@jhllp.com
3   eric@kingsleykingsley.com               Michael D. Palmer*
    George R. Kingsley                      mpalmer@jhllp.com
4   Darren M. Cohen                         *seeking pro hac vice admission
    KINGSLEY & KINGSLEY                     JOSEPH & HERZFELD LLP
5   16133 Ventura Boulevard, Suite 1200     757 3rd Avenue, 25th Floor
    Encino, CA 91436                        New York, NY 10017
6   (818) 990-8300 FAX: (818) 990-2903      212-688-5640; FAX: 212-688-2548

7
    James A. Jones                          Ira Spiro
8   jaj@grwlawfirm.com                      ira@spiromoss.com
    GILLESPIE ROZEN WATSKY & JONES,         Gregory N. Karasik
9   P.C.                                    greg@spiromoss.com
    3402 Oak Grove Avenue, Suite 200        SPIRO MOSS BARNESS LLP
10  Dallas, TX 75204                        11377 W. Olympic Blvd, Fifth Floor
    214-720-2009; FAX: 214-720-2291         Los Angeles, CA 90064-1683
11                                          310-235-2468; FAX: 310-235-2456

12  Grant Morris
    gmorris@nydclaw.com                     David W. Sanford
13  LAW OFFICES OF GRANT MORRIS             dsanford@nydclaw.com
    1666 Connecticut Avenue, N.W., Suite    Meenoo Chahbazi
14  310                                     SANFORD, WITTELS & HEISLER, LLP
    Washington, DC 20009                    1666 Connecticut Ave., N.W., Suite 310
15  (202) 742-7783                          Washington, DC 20009
                                            (202) 742-7780; FAX: (202) 742-7776
16

17                      UNITED STATES DISTRICT COURT
                        NORTHERN DISTRICT OF CALIFORNIA
18  ----------------------------------------------x
    PAUL THORPE, on behalf of themselves and          Case No. 07-05672 RMW
19  others similarly situated

20
                        Plaintiffs,                   PLAINTIFF'S OPPOSITION TO
21                                                    DEFENDANT'S MOTION TO
        v.                                            DISMISS OR STRIKE CLASS
22                                                    ALLEGATIONS
    ABBOTT LABORATORIES, INC. a
23  Delaware corporation, doing business in           Date:  February 1, 2008
    California as ABBOTT SALES,                        Time:  9:00 a.m.
24  MARKETING & DISTRIBUTION CO.; and                  Dept.: Courtroom 6, 4th Floor
    Does 1 to 50, Inclusive,                           Judge:  Ronald M. Whyte
25
                        Defendants.
26  ----------------------------------------------x

27

28

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES…………………………………………………………...ii

PRIMARY STATEMENT...…....……………………………………………………1

BACKGROUND………………………………………………………………………1

ARGUMENT...…………………………………………………………………………3

    I.   DEFENDANT'S OPPOSITION TO RULE 23 CLASS CERTIFICATION IS
        PREMATURE AND FAILS TO PROVIDE A VALID BASIS FOR
        DISMISSAL…………………………………….................................................3

    A. Plaintiff Has Sufficiently Alleged Class Qualification Under Rule 23(b)(1)....5

    B. Plaintiff Has Sufficiently Alleged Class Qualification Under Rule 23(b)(2)…6

    C. Plaintiff Has Sufficiently Alleged Class Qualification Under Rule 23(b)(3)…7

        1.  Common Questions Predominate………………………...……..................7

        2.  A Class Action Is Superior to Other Methods of Adjudication.....……..9

    II.    PLAINTIFF'S RULE 23 CLAIMS ARE NOT INCOMPATIBLE WITH
         THE SEPARATE *JIREK* FLSA ACTION...………….…………………10

CONCLUSION...……………………………………………………………………16

i

# **TABLE OF AUTHORITIES**

**Federal Cases**

Acosta v. Scott Labor LLC, No. 05-2518,2006 WL 27118 (N.D. Ill. Jan. 3, 2006)................12

Aguayo v. Oldenkamp Trucking, CV-F-04-6279 AWI LJO, 2005 U.S. Dist. LEXIS 22190 (E.D. Cal. October 3, 2005)...........................................................................................4,10,11

Alba v. Papa John's USA, Inc., NO. CV 05-7487 GAF, 2007 WL 953849 (C.D. Cal. Feb 07, 2007)...........................................................................................4,7,8,9

Allen v. Wtd Indus., Inc., No. 99-249, 2002 U.S. Dist. LEXIS 22382 (D. Or. Oct. 11, 2000)..............11

Ansoumana v. Gristede's Operating Corp., 201F.R.D. 81(S.D.N.Y. 2001)..........................12

Baas v. Dollar Tree Stores, Inc., No.C07-03108JSW, 2007 WL 2462150 (N.D. Cal Aug. 29, 2007)...............................................................................................................3,11,13

Bahramipour v. Citigroup Global Mkts., Inc., No. 04-4440, 2006 WL 449132 (N.D. Cal. Feb. 22, 2006)..........................................................................................................11

Bamonte v. City of Mesa, 2007 WL 2022001 (D. Ariz. July 10, 2007)..............................12

Barnett v. County of Contra Costa, No. C 04-4437 THE, 2005 WL 5095264  (N.D. Cal. Oct. 31, 2005)..............................................................................................................3

Barnett v. Washington Mutual Bank, FA, No. C 03-00753 CRB, C03-3239, C03-3714, C03-4351, C03-1446, C03-0943, C03-4278, C03-2007, C03-3317, C03-2853, C03-3533, 2004 WL 2011462 (N.D. Cal Sept. 9, 2004)......................................................................10,12

Bartleson v. Winnebago Indus., Inc., No. 02-3008, 2003 WL 22427817(N.D Iowa Oct. 24, 2003)..............................................................................................................12

Belbis v. County of Cook, No. 01-6119,2002 WL 31600048 (N.D. Ill. Nov. 18, 2002)...........12

Beltran-Benitez v Sea Safari, Ltd., 180 F. Supp. 2d 772(E.D.N.C 2001).............................12

Brzychnalski v. Unesco, Inc., 35 F.Supp. 2d 351(S.D.N.Y. 1999).....................................12

Chan v. Triple 8 Palace, No. 03-6048, 2004 WL 1161299(S.D.N.Y May 24, 2004)...............12

Chavez v. IBP, Inc., No. 01-5093, 2002 WL 31662302 (E.D. Wash. Oct. 28, 2002)...........10,12

Chao v. A-One Medical Services, 346 F.3d 908 (9th Cir. 2003), cert. denied, 541 U.S. 1030 (2004)......15

ii

Chemi v. Champion Mortgage, No. 05-1238,2006 WL 454363 (D.N.J. Feb. 23, 2006)...........12

Cipollone v. Liggett Group, 505 U.S. 504 (1992)......................................................15

Cryer v. Intersolutions, Inc., No. 06-2032, 2007 WL 1191928 (D.D.C. April 20, 2007)..........12

De Canas v. Bica, 424 U.S. 351 (1976)................................................................14

Delgado v. Ortho-McNeil, Inc. No. SACV07-263CJCMLGX., 2007 WL 2847238 (C.D. Cal Aug. 7, 2007)...............................................................................................................8

DeMarco v. National Collector's Mint, Inc., 229 F.R.D. 73 (S.D.N.Y. 2005) ...................….4

Doe v. Regents of University of California, No. CIV. S-06-1043 LKK/DAD, 2006 WL 2506670, (E.D. Cal. Aug. 29, 2006)..............................................................................3

Dukes v. Wal-Mart, --- F.3d ---, 2007 U.S. App. LEXIS 28558 (9th Cir. Cal. Dec. 11, 2007)....6

Edwards v. City of Long Beach, 467 F.Supp.2d 986 (C.D. Cal. 2006)...........................13,14

Ellis v. Costco Wholesale Corp., 240 F.R.D. 627 (N.D. Cal. 2007)....................…............6

Ellison v. Autozone, Inc., 2007 WL 2701923 (N.D. Sept. 13, 2007).........................11,13,14

Farhy v. Janney MontgomeryScott, LLC, No. 06-3202, 2007 WL 1455764 (E.D. Pa. Apr. 26, 2007)..............................................................................................…......12

Farmers Ins. Exch. Claims Representatives' Overtime Pay Litigation, No. MDL 1439, 2003 WL 23669376 (D. Or. May 19, 2003)..........................................................…..........10,12

Frank v. Eastman Kodak Co., 228 F.R.D. 174 (W.D.N.Y. 2005).....................................12

Frank v. Gold'n Plump Poultry, Inc., No. 041018, 2005WL 2240336 (D. Minn. Sept. 14, 2005).................................................................................................................12

Freeman v. Hoffmann-Laroche, Inc., No.07-1503, 2007 U.S. Dist. LEXIS 92589 (D.N.J. Dec. 18, 2007)...................................................................................................…....13

Gillibeau v. Richmond, 417 F.2d 426 (9th Cir.1969).................................….....................3

Goldman v.Radioshack Corp., No. 03-0032, 2003 WL 21250571 (E.D. Pa. Apr. 16, 2003).................12

Goldman v. Radioshack Corp., No. 03-0032, 2005 WL 1124172 (E.D. Pa. May 9,2005)….......12

Hanlon v. Chrysler Corp., 150 F.3d 1011 (9th Cir. Cal. 1998)........................................7

iii

Hawaiian Airlines v. Norris, 512 U.S. 246 (1994)......................................................15

Herring v. Hewitt Associates, Inc., 06-267, 2006 WL 2347875 (D.N.J. Aug. 11, 2006)..........13

Himmelman v. Continental Casualty Co., No.06-166, 2006 WL 2347873 (D.N.J. Aug. 11, 2006)...............................................................................................13

Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D.363 (S.D.N.Y. 2007)..........................12

James Jirek and Robert Pedersen v. Abbott Laboratories, et al, 07CV3626 (N.D. Ill. Jun. 28, 2007).........................................................................................................2,10

Jankowski v. Castaldi, No. 01-0164, 2006 WL 118973 (E.D.N.Y. Jan. 13, 2006).................12

Kamm v. California City Development Company, 509 F.2d 205 (9th Cir. 1975)....................3

Kelley v. SBC, Inc., No. 97-2729, 1998 U.S. Dist. LEXIS 18643 (N.D. Cal. Nov. 13, 1998)....................................................................................................4,10,11

Kinney Shoe v. Vorhes, 564 F.2d 859 (9th Cir. 1977)..........................................12,13

Krzesniak v. Cendant Corp., No. C 05-05156 MEJ, 2007 WL 1795703 (N.D. Cal. June 20, 2007).........................................................................................................4,8

LaChappelle v. Owens-Illinois, Inc., 513 F.2d 286 (5th Cir. 1975)...............................13

Ladegaard v. Hard Rock ConcreteCutters, Inc., No. 00-5755, 2000 WL 1774091 (N.D. Ill. Dec. 1, 2000)..............................................................................................12

Lee v. ABC Carpet & Home, 236 F.R.D. 193 (S.D.N.Y. 2006)....................................12

Lenahan v. Sears, Roebuck & Co., No.02-0045, 2006 WL 2085282 (D.N.J. July 24, 2006)......12

Leuthold v. Destination Am., Inc, 224 FRD 462 (N.D. Cal. 2004).............................13,14

Levya v. Buley, 125 F.R.D. 512 (E.D.Wash. 1989).................................................6

Lindsay v. Government Employees Ins. Co., 448 F.3d 416 (D.C. Cir. 2006).......................12

Local Joint Executive Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc., 244 F.3d 1152, 1163 (9th Cir.), cert. denied, 534 U.S. 973 (2001)........................................7

Madrigal v. Green Giant Co., No. C-78-157, 1981 U.S. Dist LEXIS 15325 (E.D. Wash. July 27, 1981)...............................................................................................13

Mascol v. E & LTransp., No. 03-3343, 2005 WL 1541045 (E.D.N.Y. June 29, 2005)............12

McClain v. Leona's Pizzeria, Inc., 222 F.R.D. 574 (N.D. Ill. 2004)................................13

iv

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

McDonnell Douglas Corp. v. U.S. Dist Ct., C.D. Cal, 523 F.2d 1083 (9th Cir. 1975)....................6

McLaughlin v. Liberty Mut. Ins. Co., 224 F.R.D. 304 (D. Mass. 2004)..........................11,12

Medtronic, Inc, v. Lohr, 518 U.S. 470 (1996)................................................................15

Mendez v. RadecCorp., 232 F.R.D. 78 (W.D.N.Y. 2005)................................................12

Neary v. Metropolitan Property and Casualty Insurance Company, 472 F. Supp. 2d 247 (D. Conn. 2007)...................................................................................................13,14

Noble v. 93 Univ. Place Corp., 224 F.R.D. 330 (S.D.N.Y. 2004).....................................12

O'Brien v. Encotech Constr. Servs., 203 F.R.D. 346 (N.D. Ill. 2001)................................12

Otto v. Pocono Health System, 457 F. Supp. 2d 522 (M.D. Pa 2006)...........................13,14

Ouedraogo v. Durso Assocs., No. 03-1851, 2005 WL 1423308 (S.D.N.Y. June 16, 2005)..........12

Ramirez v. RDO-BOS Farms, LLC, No. 06-174, 2007 WL 273604 (D. Or. Jan. 23,2007)...10,12

Romero v. Producers Dairy Foods, Inc., 235 F.R.D. 474 (E.D. Cal. 2006).................8,9,10,11

Saur v. Snappy Apple Farms, Inc., 203 F.R.D. 281(W.D. Mich. 2001)..............................12

Scholtisek et al. v. Eldre Corp. 229 F.R.D.381 (W.D.N.Y. 2005).................................12,15

Scott v. Aetna Servs., Inc., 210F.R.D. 261 (D. Conn. 2002)...........................................12

Smellie v. Mount Sinai Hosp., No. 03-0805, 2004 WL 2725124 (S.D.N.Y. Nov. 29, 2004)......12,15

Takacs v. A.G.Edwards & Sons, Inc., 444 F. Supp. 2d 1100 (S.D. Cal. 2006)......................11

Tierno v. Rite Aid Corp., 2006 U.S. Dist. LEXIS 71794 (N.D.Cal. 2006)........................5,8,9

Tomlinson v. Indymac Bank, 359 F. Supp. 2d 898 (C.D. Cal. 2005)...................................11

Torres v. Gristede's Operating Corp., No. 04-3316, 2006 WL2819730 (S.D.N.Y. Sept. 29, 2006)...........................................................................................................12

Tran v. Le French Baker, Inc., No. C-94-0482, 1995 U.S. Dist. LEXIS 8371 (N.D. Cal. June 14, 1995)..............................................................................................................15

Trinidad v. Breakaway Courier Sys., No. 05-4116, 2007 WL 103073 (S.D.N.Y. Jan. 12, 2007)...12

Trotter v. Perdue Farms, Inc., No. 99-893, 2001 WL 1002448 (D. Del. Aug16, 2001)...........12

v

Velez v. Majik Cleaning Serv., 03 Civ. 8698 (SAS), 2005 U.S. Dist. LEXIS 709 (S.D.N.Y. Jan. 18, 2005)....................................................................................................4,12

Visa Check/MasterMoney Antitrust Litigation, 280 F.3d 124 (2d Cir. 2001).......................9

Wal-Mart Stores, Inc. Wage and Hour Litigation, 505 F. Supp. 2d 609 (N.D. Cal. May 29, 2007)...............................................................................................................3

Wang v. Chinese Daily News, 231 F.R.D. 602 (C.D. Cal 2005)............................8,9,10,11

Westfall v. Kendle Int'l, 2007 U.S. Dist. LEXIS 11304, (N.D. W.Va. Feb. 15, 2007).......................12

Whiteway v. FedEx Kinko's Office & Print Servs., 2006 U.S. Dist. LEXIS 69193 (N.D. Cal. 2006).. .....9

Williamson v. Gen. Dynamics Corp., 208 F.3d 1144 (9th Cir. 2000)..................................11

Wraga v. Marble Lite, Inc., No. 05-5038, 2006 WL 2443554 (E.D.N.Y. Aug. 22, 2006)...........12

Xiufang Situ v. Leavitt, 240 F.R.D. 551 (N.D. Cal. 2007)....................................................7

Yon v. PositiveConnections, Inc., No. 04-2680, 2005 WL 628016 (N.D. Ill. Feb. 2, 2005)......12


**State Cases**
Sav-On, 34 Cal. 4th at 329-30......................................................................................9


**Federal Statutes**
29 U.S.C. § 218(a)...................................................................................................10

28 U.S.C. § 1367(a)..................................................................................................14

**Federal Rules**
Fed. R. Civ 23..........................................................1,2,3,9,10,11,12,13,14,15,16

Fed. R. Civ 23(a).....................................................................................3,5

Fed. R. Civ 23(b)....................................................................................5,10

Fed. R. Civ 23(b)(1).....................................................................................5

Fed. R. Civ. P. 23(b)(2)..............................................................................5,6,7

Fed. R. Civ. P. 23(b)(3)..............................................................................5,7


Fed. R. Civ. P. 12(b)(6)..............................................................................4

vi

Fed. R. Civ. P. 23(c)..................................................................….........3

Fed. R. Civ. P. 23(d)..................................................................….........3

Fed. R. Civ. P.216(b).....................................................................2,11,14,15

**Secondary Sources**

7A Wright & Miller, Federal Practice & Procedure § 1777 (2d ed. 1986)...........…..................7

Plaintiff, Paul Thorpe, by and through his attorneys, respectfully submits this memorandum in Opposition to Defendant's Motion to Dismiss or Strike Class Allegations ("Motion" or "Mot.")

## PRELIMINARY STATEMENT

Defendant Abbott Laboratories, Inc., doing business in California as Abbott Sales, Marketing & Distribution Co., ("Abbott" or "Defendant") has moved to dismiss or strike Plaintiff's class allegations; the motion is baseless.  First, Defendant makes the premature contention – before any discovery whatsoever has been exchanged in this case – that Plaintiff "cannot meet" the Rule 23 requirements for class certification. (Mot. 2)  However, Defendant has done nothing to overcome the strict standard that applies on its motion to dismiss – a standard that is stricter than that for opposing a motion for class certification.  Moreover, even if this were a motion for class certification, a determination on the issue of class certification should await the completion of pretrial discovery.

Second, Defendant makes the absurd argument that this action, which alleges violations of California's wage and hour laws, is "inherently incompatible" with a Fair Labor Standards Act ("FLSA") action brought by a different plaintiff in a different court. (Mot. 2)  Defendants can cite no supporting case covering a situation remotely like this one.

Neither of Defendant's arguments presents a reason for dismissing or striking Plaintiff's class allegations.  Defendant's motion should be denied.

## BACKGROUND

On September 25, 2007, Plaintiff, a former pharmaceutical representative working for Abbott brought this class action against Abbott to recover unpaid overtime and rest and meal

1

period compensation pursuant to California state wage and hour laws. The case was originally

brought in California state court. On November 7, 2007, Abbott removed the case to this court

pursuant to the Class Action Fairness Act of 2005 ("CAFA").

Prior to the filing of this case, two other Abbott pharmaceutical representatives filed a

case in the United States District Court in the Northern District of Illinois to recover damages for

unpaid overtime under the Fair Standards Labor Act ("FLSA") *James Jirek and Robert

Pedersen v. Abbott Laboratories, et al*, 07CV3626 (N.D. Ill. Jun. 28, 2007). The plaintiffs in the

*Jirek* case have not moved for 216(b) certification of their FLSA action. While Defendant's

papers treat this case as some sort of extension of the *Jirek* case, Plaintiff Thorpe is not a plaintiff

in the *Jirek* case.

The crux of this case is that Abbott, as a general and centralized policy, erroneously

classifies the representatives as "exempt" under California wage and hour laws. Abbott

pharmaceutical representatives present specific, detailed information concerning Abbott drugs to

physicians. However, pharmaceutical representatives do not engage in any actual selling and

thus cannot be exempt as an "outside salesperson." Similarly, pharmaceutical representatives do

not fall under the "administrative" exemption, as they are not administrative employees nor do

they exercise discretion or independent judgment. Simply, there is no valid reason for

pharmaceutical representatives to be treated as exempt under California wage and hour law.

On November 15, 2007, Abbott moved to dismiss or strike Plaintiff's class allegations,

alleging that (1) Plaintiff cannot meet the requirements of Rule 23, and/or (2) Plaintiffs Rule 23

class allegations are "inherently incompatible" with a separate FLSA action, filed by other

2

plaintiffs in the Northern District of Illinois. Neither argument withstands scrutiny. Defendant's motion should be denied.

**ARGUMENT**

**I.    DEFENDANT'S OPPOSITION TO RULE 23 CLASS CERTIFICATION IS PREMATURE AND FAILS TO PROVIDE A VALID BASIS FOR DISMISSAL.**

This case is in its earliest stages; no answer has been filed, no discovery has been exchanged. Defendant's objections to class certification (*i.e.* pharmaceutical representatives' individual job duties preclude certification) should be shelved until the parties have engaged in discovery and a motion for class certification is pending. The use of motions to dismiss or to strike to address class certification is disfavored. *See Baas v. Dollar Tree Stores, Inc.*, No.C07-03108JSW, 2007 WL 2462150, at *3 (N.D. Cal Aug. 29, 2007) (citing *In re Wal-Mart Stores, Inc. Wage and Hour Litigation*, 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007)) ("Courts generally review class allegations through a motion for class certification."); *Barnett v. County of Contra Costa*, No. C 04-4437 THE, 2005 WL 5095264, at *3 (N.D. Cal. Oct. 31, 2005) (citing *Gillibeau v. Richmond*, 417 F.2d 426, 432 (9th Cir.1969)) ("compliance with Rule 23 is not to be tested by a motion to dismiss for failure to state a claim"); *Doe v. Regents of University of California*, No. CIV. S-06-1043 LKK/DAD, 2006 WL 2506670, at *8 (E.D. Cal. Aug. 29, 2006) ("Defendants' arguments relate to the class' ability to satisfy the prerequisites of Rule 23(a) and is not proper in a motion to dismiss and should be made in an opposition to plaintiffs' motion for certification.").[1]

---

[1]    As explained in *Baas*, Defendant's reliance on *Kamm v. California City Development Company*, 509 F.2d 205 (9th Cir. 1975) is "misplaced" because there, the defendants were moving pursuant to Federal Rule of Civil Procedure 23(c) and (d) ("Rule 23"), not Rules 12(b)(6) or (f)." *Baas*, 2007 WL 2462150, at *3. Additionally, *Kamm* is factually distinguishable because there was compelling evidence presented that the superiority requirement of Rule 23 was not met because "representative litigation" had already been commenced and settled by the California attorney general.

3

1

2    Defendants have not met the high standard for Rule 12(b)(6) dismissal of Plaintiff's

3    claims – a standard far stricter than opposing a motion for class certification. "Dismissal of a

4    complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is

5    proper where it appears beyond a doubt that the plaintiff can prove no set of facts in support of

6    his claim that would entitle him to relief." *DeMarco v. National Collector's Mint, Inc.*, 229

7    F.R.D. 73, 76 (S.D.N.Y. 2005) (internal quotation omitted) (denying defendant's motion to

8    dismiss and granting plaintiff's cross motion for class certification). "The test is not whether the

9    plaintiff is ultimately likely to prevail, but whether he is entitled to offer evidence to support his

10   claims." *Id.* "The court assumes that all factual allegations in the complaint are true, and draws

11   all reasonable inferences in the plaintiff's favor." *Id.*

12

13   In any event, Plaintiff has alleged the necessary elements for setting forth his class

14   claims.[2] Indeed, Defendant essentially concedes that the Complaint pleads the necessary

15

16

17   [2]   Plaintiff's putative class of nearly 500 members clearly satisfies numerosity. *See Alba v. Papa John's USA, Inc.*, NO. CV 05-7487 GAF, 2007 WL 953849, at *5 (C.D. Cal. Feb 07, 2007) (class of

18   46 satisfied numerosity requirement); *Aguayo v. Oldenkamp Trucking*, CV-F-04-6279 AWI LJO, 2005 U.S. Dist. LEXIS 22190, at *35 (E.D. Cal. October 3, 2005) (40 or more members satisfies

19   numerosity requirement) (citations omitted). For commonality, "[t]he critical inquiry is whether the common questions are at the 'core' of the cause of action alleged." *Velez v. Majik Cleaning Serv.*, 03

20   Civ. 8698 (SAS), 2005 U.S. Dist. LEXIS 709 (S.D.N.Y. Jan. 18, 2005) (citations omitted) The common question at the "core" of Plaintiffs' cause of action is Abbott's misclassification of its

21   pharmaceutical reps as exempt. Commonality is met where employees who held the same job positions as plaintiff "share a question of fact as to what these jobs entailed and a question of law as

22   to whether these positions were properly classified as exempt." *Kelley v. SBC, Inc.*, No. 97-2729, 1998 U.S. Dist. LEXIS 18643, at *41-42 (N.D. Cal. Nov. 13, 1998); *Alba*, 2007 WL 953849, at *6

23   (one common question of law was "whether Defendants' policies mischaracterized store managers as exempt employees under California law"); *Krzesniak v. Cendant Corp.*, No. C 05-05156 MEJ, 2007

24   WL 1795703 (N.D. Cal. June 20, 2007) ("commonality exists because Budget has uniformly classified all its California managers as exempt employees"). Plaintiff's claims are "reasonably co-

25   extensive" with other class members; typicality is satisfied. *See Alba*, 2007 WL 953849, at *7. Plaintiff has no conflict with the other class members and is represented by experienced employment

26   and class action attorneys. *See Alba*, 2007 WL 953849, at *8.

27                                                      4

28

1

2    requirements for Rule 23(a), and argues only that Plaintiff cannot meet any of the requirements

3    of Rule 23(b).[3] (Mot. 5)

4        In order to establish that Plaintiff cannot meet the requirements of Rule 23(b), Defendant

5    must establish that plaintiff cannot meet Rules 23(b)(1), 23(b)(2) or 23(b)(3). *See Tierno v. Rite*

6    *Aid Corp.*, 2006 U.S. Dist. LEXIS 71794, at *12 (N.D.Cal. 2006) (finding that plaintiff satisfied

7    Rule 23(b)(3) and that, thus, the court need not consider Rules 23(b)(1) or 23(b)(2).)

8        **A. Plaintiff Has Sufficiently Alleged Class Qualification Under Rule 23 (b)(1)**

9        Plaintiff alleges that Abbott uniformly (and erroneously) classifies its pharmaceutical

10   representatives as exempt under California wage and hour laws. This court will decide whether

11   Abbott's general and centralized policy regarding the classification of representatives is in

12   violation of California state law. Accordingly, this adjudication will "inescapably alter the

13   substance of the rights of others having similar claims." *McDonnell Douglas Corp. v. U.S. Dist*

14   *Ct., C.D. Cal*, 523 F.2d 1083, 1086 (9th Cir. 1975) (internal quotation omitted) Additionally, if

15   _____

16   [3]  Under Rule 23(b), a class action is maintainable if:

17       (1) prosecuting separate actions by or against individual class members would create a
         risk of

18           (A) inconsistent or varying adjudications with respect to individual class members
             that would establish incompatible standards of conduct for the party opposing the
19           class; or

20           (B) adjudications with respect to individual class members that, as a practical matter,
             would be dispositive of the interests of the other members not parties to the
             individual adjudications or would substantially impair or impede their ability to
21           protect their interests; [or]

22       (2) the party opposing the class has acted or refused to act on grounds that apply
         generally to the class, so that final injunctive relief or corresponding declaratory relief is
         appropriate respecting the class as a whole; or

23       (3) the court finds that the questions of law or fact common to class members
         predominate over any questions affecting only individual members, and that a class
24       action is superior to other available methods for fairly and efficiently adjudicating the
         controversy. . . .

25

     Fed. R. Civ. P. 23(b)
26

27                                                       5

28

1

2    multiple individual cases are brought by current and former pharmaceutical representatives,

3    inconsistent decisions would result in incompatible standards of conduct for Abbott towards the

4    pharmaceutical representatives.  *See Levya v. Buley*, 125 F.R.D. 512, 517 (E.D.Wash. 1989)

5    Further, as discussed below, Plaintiff is being seeking injunctive relief in addition to monetary

6    relief.

7

8        **B.    Plaintiff Has Sufficiently Alleged Class Qualification Under Rule 23(b)(2).**

9        Rule 23(b)(2) requires that the defendant has "acted or refused to act on grounds

10   generally applicable to the class, thereby making appropriate final injunctive relief or

11   corresponding declaratory relief with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2).

12   However, Rule 23(b)(2) is not limited to actions requesting only injunctive or declaratory relief,

13   but may include cases in which "(1) even in the absence of a possible monetary recovery,

14   reasonable plaintiffs would bring the suit to obtain the injunctive or declaratory relief sought; and

15   (2) the injunctive or declaratory relief sought would be both reasonable necessary and

16   appropriate were the plaintiff to succeed on the merits." *Dukes v. Wal-Mart*, --- F.3d ---, 2007

17   U.S. App. LEXIS 28558, at *38 (9th Cir. Cal. Dec. 11, 2007) (ruling that Rule 23(b)(2) may

18   apply despite large monetary claims for back pay and punitive damages) *See also Ellis v. Costco

19   Wholesale Corp.*, 240 F.R.D. 627, 642 (N.D. Cal. 2007).

20

21       This case is being brought to redress Abbott's past and continuing behavior to classify all

22   of its pharmaceutical representatives as exempt.  It would be reasonable for a plaintiff to bring

23   this suit to obtain the injunctive relief of proper future classification under California wage and

24

25

26

27                                           6

28

hour laws. Additionally, injunctive relief would be necessary were plaintiff to succeed on the

merits. Accordingly, class certification under Rule 23(b)(2) is appropriate. [4]

C.    **Plaintiff Has Sufficiently Alleged Class Qualification Under Rule 23(b)(3).**

Under Rule 23(b)(3), class certification is appropriate when (1) legal or factual issues

common to class members predominate over individual issues and (2) a class action is superior

to other methods of adjudication. Fed. R. Civ. P. 23(b)(3).

1.    **Common Questions Predominate.**

The question posed by the predominance inquiry is "whether proposed classes are

sufficiently cohesive to warrant adjudication by representation." *Hanlon v. Chrysler Corp.,* 150

F.3d 1011, 1022 (9th Cir. Cal. 1998) (internal quotation omitted) "When common questions

present a significant aspect of the case and they can be resolved for all members of the class in a

single adjudication, there is clear justification for handling the dispute on a representative rather

than an individual basis." *Id.* (quoting 7A Wright & Miller, *Federal Practice & Procedure* §

1777 (2d ed. 1986). *See also Local Joint Executive Bd. of Culinary/Bartender Trust Fund v. Las

Vegas Sands, Inc.,* 244 F.3d 1152, 1163 (9th Cir.), *cert. denied,* 534 U.S. 973 (2001). These

common questions need not be dispositive of the entire action. Indeed, the very use of the word

"predominate" contemplates that some individual issues will be present. Thus, the existence of

some individual differences "do[es] not defeat predominance." *Local Joint Executive Bd.,* 244

F.3d at 1163; *See also Alba v. Papa John's USA, Inc.,* No.05-7487, 2007 WL 953849, at *10

(C.D.Cal. Dec. 11, 2007) ("some variation among the individual employees, as well as some

---

[4]    That the proposed class includes former Pharmaceutical Reps does not defeat certification under Rule 23(b)(2). *See Xiufang Situ v. Leavitt,* 240 F.R.D. 551, 562 (N.D. Cal. 2007) ("It is sufficient if class members complain of a pattern or practice that is generally applicable to the class as a whole, even if not all class members have been injured by the challenged practice.") (quotation omitted).

7

potential difficulty in proof-including as to damages-do not defeat predominance.") (internal quotation omitted)

Here, there are significant common issues of law and fact within the proposed class that predominate over any individualized issues. As part of a general and centralized policy, Abbott universally classified its pharmaceutical representatives as exempt under California wage and hour laws.[5] Further, as a result of the great regulation of the pharmaceutical industry, Abbott generally exercises an enormous amount of centralized control over its Pharmaceutical Reps and their duties. Abbott's standardized operations are designed to ensure that Pharmaceutical Reps perform the same or substantially similar tasks in a similar manner. As part of this culture of centralized control, Pharmaceutical Reps performed essentially the same tasks across the state. Accordingly, common questions will predominate.

Also, Defendant's exemption defenses themselves present a common issue that predominates over any individual inquiries. *See Romero v. Producers Dairy Foods, Inc.,* 235 F.R.D. 474, 490 (E.D. Cal. 2006) ("Where a central common defense may bar each of plaintiff's

---

[5] The fact that Abbot applied a blanket exemption across the board to all of its pharmaceutical reps severely undercuts any argument Defendant might make that whether a particular employee is exempt under California labor laws is an individual, fact-specific inquiry. Defendant "cannot, on the one hand, argue that all [of it Pharmaceutical Reps] are exempt from overtime wages, and, on the other hand, argue that the Court must inquire into the job duties of each [Pharmaceutical Rep] in order to determine whether that individual is 'exempt.'" *Wang*, 231 F.R.D. at 613. *See also Alba,* 2007 WL 953849, at *13 (same); *Krzesniak*, 2007 WL 1795703, at *17 (same); *Tierno,* 2006 WL 2535056, at *9 (defendant's contention that each store manager position must be individually assessed to determine whether position is exempt or non-exempt after initially classifying all store managers as exempt "rings hollow"). *Cf. Delgado v. Ortho-McNeil, Inc.* No. SACV07-263CJCMLGX., 2007 WL 2847238, at *2 (C.D. Cal Aug. 7, 2007). (certifying a 216(b) FLSA collective action of pharmaceutical representatives and finding that "[i]t is somewhat disingenuous, then, for Defendants to argue that they should be permitted to treat all sales representatives as one group for purposes of classifying them as exempt, but that this Court can only determine the validity of that classification by looking to the specific job duties of each individual sales representative.")

8

claims, class action treatment is particularly apt.")  Courts have repeatedly certified classes of

employees claiming they had been misclassified as exempt.[6]

### 2.     A Class Action Is Superior to Other Methods of Adjudication.

Class treatment of the California wage and hour claims will permit the resolution of

hundreds of individual claims in a single forum, at one time, thereby avoiding a multiplicity of

repetitive lawsuits.  When plaintiffs are "aggrieved by a single policy of the defendant," such as

the policy of misclassifying Pharmaceutical Reps as exempt under California law, the case

presents precisely the type of situation for which the class action device is suited, since many

nearly identical legal and factual issues can be adjudicated in unison.  *In re Visa*

*Check/MasterMoney Antitrust Litigation*, 280 F.3d 124 (2d Cir. 2001).

Defendant's argument that the existence of a separate case brought by different plaintiffs

in a different court under a different cause of action (FLSA) defeats superiority is ridiculous.

Under Defendant's reasoning, once an FLSA representative action is filed by any of a

defendant's employees anywhere – even where that FLSA action has not been certified as a class

– it preempts the filing of a rule 23 class brought under state law violations by any other

employee.  Not surprisingly, no court has ever so ruled.

---

[6]     *See, e.g., Tierno,* 2006 U.S. Dist. LEXIS 66436 (because defendant had "always categorically
classified all Store Managers as exempt employees without exception," its " contention that each
Store Manager position must now be individually assessed to determine whether the position can be
categorized as exempt or non-exempt rings hollow same); *Alba,* 2007 WL 953849 (restaurant
managers classified under executive exemption); *Romero,* 235 F.R.D. 474 (drivers classified under
outside sales exemption); *Sav-On Drug Stores, Inc. v. Superior Court, 34 Cal. 4th 319,* 329-330
(Cal. 2004) (claim that store managers were misclassified exempt based on job description alone is
"amenable to class treatment" under California civil procedure). *See also Wang.,* 231 F.R.D. at 613;
*Whiteway v. FedEx Kinko's Office & Print Servs.,* 2006 U.S. Dist. LEXIS 69193, *17 (N.D. Cal.
2006) (citing to *Wang*, 231 F.R.D. 602).

9

1

2      Indeed, most courts find that an FLSA representative action does not defeat Rule 23(b)

3    superiority, even when the FLSA claim and Rule 23 claim are brought *in the same lawsuit.  See,*

4    *e.g. Wang v. Chinese Daily News*, 231 F.R.D. 602, 614 (C.D. Cal 2005); *Aguayo*, 2005WL

5    2436477; *Romero.*, 235 F.R.D. 474; *Kelley,* 1998 U.S. Dist. LEXIS 18643; *Ramirez  v. RDO-*

6    *BOS Farms*, LLC, No. 06-174, 2007 WL 273604 (D. Or. Jan. 23,2007); *In re: Farmers Ins.*

7    *Exch. Claims Representatives' Overtime Pay Litigation,* No. MDL 1439, 2003 WL 23669376

8    (D. Or. May 19, 2003); *Chavez v. IBP, Inc.,* No. 01-5093, 2002 WL 31662302 (E.D. Wash. Oct.

9    28, 2002). *See also infra* at 12 n.8.

10   **II.    PLAINTIFF'S RULE 23 CLAIMS ARE NOT INCOMPATIBLE WITH THE**

11          **SEPARATE *JIREK* FLSA ACTION.**

12      Defendant's argument that this Court should dismiss Plaintiff's class action claims

13   because a separate action – in which this Plaintiff is neither a plaintiff nor member – is

14   "incompatible" with this case has no basis in the case law or common sense.  Under this

15   argument, employees would be automatically barred from bringing state wage and hour class

16   claims to enforce their rights whenever any other employee in the country filed an FLSA

17   representative action against the same employer.

18      In any event, Defendant's basic incompatibility argument – even taken out of this absurd

19   context – has been soundly rejected by most of the courts that have addressed it.  Courts in the

20   Ninth Circuit have clearly stated that "Congress' adoption of a FLSA … class action opt-in

21   procedure does not preclude enforcement of California's [state law with an] opt-out class action

22   procedure in light of the savings clause [29 U.S.C. § 218(a)] and the absence of a clear indication

23   from Congress to the contrary.**"** *Barnett v. Washington Mutual Bank, FA*, No. C 03-00753 CRB,

24   C03-3239, C03-3714, C03-4351, C03-1446, C03-0943, C03-4278, C03-2007, C03-3317, C03-

25

26

27                                        10

28

2858, C03-3533, 2004 WL 2011462, at *6 (N.D. Cal Sept. 9, 2004).  The FLSA is not the

"exclusive remedy for claims duplicated by or equivalent of rights covered by the FLSA." *Id.* at

*6 (citing *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144 (9th Cir. 2000)).  *See also*

*McLaughlin v. Liberty Mut. Ins. Co.*, 224 F.R.D. 304, 308 (D. Mass. 2004) ("By enacting an opt-

in regime for the FLSA, Congress sought to limit the scope of collective actions under federal

law. . . .  Nothing in the statute limits available remedies under state law.").

In two recent cases, this Court expressly rejected the argument that Rule 23 class claims

are incompatible with FLSA collective actions.  *Ellison v. Autozone Inc.*, C06-07522, 2007 WL

2701923 (N.D.Cal. Sept. 13, 2007) (rejecting defendant's argument that Rule 23 was

incompatible with the FLSA); *Baas*, 2007 WL 2462150 (same).[7]  Moreover, in *Ellison* and *Baas*,

Rule 23 class claims were brought in the same action as the FLSA claim.  In comparison, here,

two separate complaints were brought by separate plaintiffs in separate courts thousands of miles

apart.

Defendant's assertion that "courts routinely deny class treatment or dismiss class claims

where plaintiffs also seek collective action treatment under the FLSA's Section 216(b)" (Mot. 2)

is a blatant misstatement.  Courts – including those in this circuit – overwhelmingly have found

that FLSA collective actions may proceed simultaneously with Rule 23 classes for state law

claims - even when the claims are brought in the same action,[8] much less two separate actions

brought by separate plaintiffs.

---

[7] *See also Kelley v. SBC, Inc.*, No. 97-2729, 1998 US Dist LEXIS 18643, at *40 (N.D. Cal. Nov. 13, 1998) (same).

[8] *See, e.g.,* **Ninth Circuit**: *Tomlinson v. Indymac Bank, 359* F. Supp. 2d 898 (C.D. Cal. 2005); *Wang v. Chinese Daily News, Inc.,* 231F.R.D. 602 (C.D. Cal. 2005); *Aguayo v. Oldenkamp Trucking,* No. 04-6279, 2005WL 2436477 (E.D. Cal. Oct. 3, 2005); *Romero v. Producers Dairy Foods, Inc.,* 235 F.R.D. 474 (E.D. Cal. 2006); *Bahramipour v. Citigroup Global Mkts., Inc.,* No. 04-4440, 2006 WL

11

1

2          Defendant's citation of a smattering of cases which have taken the minority view is

3   unpersuasive. First, three of the cases cited by Defendant stand only for the axiomatic

4

5   449132 (N.D. Cal. Feb. 22, 2006); *Kelley v. SBC, Inc.*, No. 97-2729, 1998 U.S. Dist. LEXIS 18643
    (N.D. Cal. Nov. 13, 1998); *Takacs v. A.G.Edwards & Sons, Inc.*, 444 F. Supp. 2d 1100, at 1116-7
6   (S.D. Cal. 2006); *Allen v. Wtd Indus., Inc.*, No. 99-249, 2002 U.S. Dist. LEXIS 22382 (D. Or. Oct.
    11, 2000); *Ramirez v. RDO-BOS Farms*, LLC, No. 06-174, 2007 WL 273604 (D. Or. Jan. 23,2007);
7   *In re: Farmers Ins. Exch. Claims Representatives' Overtime Pay Litigation*, No. MDL 1439, 2003
    WL 23669376 (D. Or. May 19, 2003); *Chavez v. IBP, Inc.*, No. 01-5093, 2002 WL 31662302 (E.D.
8   Wash. Oct. 28, 2002); *Barnett v. Washington Mut. Bank, FA*, 2004 WL 2011462 (N.D. Cal. 2004);
    *Bamonte v. City of Mesa*, 2007 WL 2022001 (D. Ariz. July 10, 2007)

9
    *See also* **D.C. Circuit**: *Lindsay v. Government Employees Ins. Co.*, 448 F.3d 416, 422 (D.C. Cir.
10  2006); *Cryer v. Intersolutions, Inc.*, No. 06-2032, 2007 WL 1191928 (D.D.C. April 20, 2007); **First
    Circuit**: *McLaughlin v. Liberty Mut. Ins.*, 224 F.R.D. 304 (D. Mass. 2004); **Second Circuit**: *Scott v.
11  Aetna Servs., Inc.*, 210F.R.D. 261 (D. Conn. 2002); *Ansoumana v. Gristede's Operating Corp.*,
    201F.R.D. 81 (S.D.N.Y. 2001); *Brzychnalski v. Unesco, Inc.*, 35 F.Supp. 2d 351(S.D.N.Y. 1999);
12  *Chan v. Triple 8 Palace*, No. 03-6048, 2004 WL 1161299(S.D.N.Y. May 24, 2004); *Iglesias-
    Mendoza v. La Belle Farm, Inc.*, 239 F.R.D.363 (S.D.N.Y. 2007); *Lee v. ABC Carpet & Home*, 236
13  F.R.D. 193 (S.D.N.Y.2006); *Noble v. 93 Univ. Place Corp.*, 224 F.R.D. 330 (S.D.N.Y.
    2004);*Ouedraogo v. Durso Assocs.*, No. 03-1851, 2005 WL 1423308 (S.D.N.Y. June 16,2005);
14  *Smellie v. Mount Sinai Hosp.*, No. 03-0805, 2004 WL 2725124 (S.D.N.Y. Nov. 29, 2004); *Torres v.
    Gristede's Operating Corp.*, No. 04-3316, 2006 WL2819730 (S.D.N.Y. Sept. 29, 2006); *Trinidad v.
15  Breakaway Courier Sys.*, No. 05-4116, 2007 WL 103073 (S.D.N.Y. Jan. 12, 2007); *Velez v. Majik
    Cleaning Serv.*, No. 03-8698, 2005 WL 106895 (S.D.N.Y. Jan. 19, 2005); *Jankowski v. Castaldi*, No.
16  01-0164, 2006 WL 118973 (E.D.N.Y. Jan. 13, 2006); *Mascol v. E & LTransp.*, No. 03-3343, 2005
    WL 1541045 (E.D.N.Y. June 29, 2005); *Wraga v. Marble Lite, Inc.*, No. 05-5038, 2006 WL
17  2443554 (E.D.N.Y. Aug. 22, 2006); *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174 (W.D.N.Y.
    2005); *Mendez v. RadecCorp.*, 232 F.R.D. 78 (W.D.N.Y. 2005); *Scholtisek et al. v. Eldre Corp.* 229
18  F.R.D.381 (W.D.N.Y. 2005); **Third Circuit**: *Chemi v. Champion Mortgage*, No. 05-1238,2006 WL
    454363 (D.N.J. Feb. 23, 2006); *Lenahan v. Sears, Roebuck & Co.*, No.02-0045, 2006 WL 2085282
19  (D.N.J. July 24, 2006); *Farhy v. Janney MontgomeryScott, LLC*, No. 06-3202, 2007 WL 1455764
    (E.D. Pa. Apr. 26, 2007); *Goldman v.Radioshack Corp.*, No. 03-0032, 2003 WL 21250571 (E.D. Pa.
20  Apr. 16, 2003);*Goldman v. Radioshack Corp.*, No. 03-0032, 2005 WL 1124172 (E.D. Pa. May
    9,2005); *Trotter v. Perdue Farms, Inc.*, No. 99-893, 2001 WL 1002448 (D. Del. Aug16, 2001);
21  **Fourth Circuit**: *Westfall v. Kendle Int'l*, 2007 U.S. Dist. LEXIS 11304, at *20 (N.D. W.Va. Feb. 15,
    2007) (disagreeing that a FLSA "collective action and a Rule 23 class action are incompatible");
22  *Beltran-Benitez v Sea Safari, Ltd.*, 180 F. Supp. 2d 772(E.D.N.C. 2001); **Sixth Circuit**: *Saur v.
    Snappy Apple Farms, Inc.*, 203 F.R.D. 281(W.D. Mich. 2001); **Seventh Circuit**: *Acosta v. Scott
23  Labor LLC*, No. 05-2518,2006 WL 27118 (N.D. Ill. Jan. 3, 2006); *Belbis v. County of Cook*, No. 01-
    6119,2002 WL 31600048 (N.D. Ill. Nov. 18, 2002); *Ladegaard v. Hard Rock ConcreteCutters, Inc.*,
24  No. 00-5755, 2000 WL 1774091 (N.D. Ill. Dec. 1, 2000); *O'Brien v. Encotech Constr. Servs.*, 203
    F.R.D. 346 (N.D. Ill. 2001); *Yon v. PositiveConnections*, Inc., No. 04-2680, 2005 WL 628016 (N.D.
25  Ill. Feb. 2, 2005); **Eighth Circuit**: *Bartleson v. Winnebago Indus., Inc.*, No. 02-3008, 2003 WL
    22427817(N.D. Iowa Oct. 24, 2003); *Frank v. Gold'n Plump Poultry, Inc.*, No. 041018, 2005WL
26  2240336 (D. Minn. Sept. 14, 2005);

27                                       12

28

1
2  proposition that Rule 23 procedures cannot be used to certify an FLSA class or enforce rights
3  under FLSA. *See Kinney Shoe v. Vorhes*, 564 F.2d 859 (9th Cir. 1977) (rule 23 should not be
4  used to certify an FLSA collective action);[9] *LaChappelle v. Owens-Illinois, Inc.,* 513 F.2d 286,
5  289 (5th Cir. 1975) (ruling that FLSA and ADEA claims must be brought under the FLSA
6  enforcement mechanism); *Madrigal v. Green Giant Co.*, No. C-78-157, 1981 U.S. Dist LEXIS
7  15325 (E.D. Wash. July 27, 1981) (ruling that plaintiffs could not pursue their FLSA claims as a
8  Rule 23 class action but must instead utilize the FLSA enforcement mechanism).  Here, Plaintiff
9  is bringing a class action seeking to enforce his rights under California wage and hour law, rights
10 which are not dependent or based upon the FLSA.
11
12      Defendant also seeks support in cases – mostly from the Third Circuit – which have taken
13 the minority position that a plaintiff cannot not bring both a rule 23 state law claim and an FLSA
14 collective action in the same action. *See Otto v. Pocono Health System*, 457 F. Supp. 2d 522
15 (M.D. Pa 2006); *Himmelman v. Continental Casualty Co.*, No.06-166, 2006 WL 2347873
16 (D.N.J. Aug. 11, 2006); *Herring v. Hewitt Associates, Inc.*, No.06-267, 2006 WL 2347875
17 (D.N.J. Aug. 11, 2006); *Edwards v. City of Long Beach*, 467 F.Supp.2d 986 (C.D. Cal. 2006);
18 *Leuthold v. Destination Am., Inc*, 224 FRD 462 (N.D. Cal. 2004); *McClain v. Leona's Pizzeria,*
19 *Inc.*, 222 F.R.D. 574 (N.D. Ill. 2004).
20      However, several of these cases have been explicitly rejected by other courts. *See*
21 *Freeman v. Hoffmann-Laroche, Inc.*, No.07-1503, 2007 U.S. Dist. LEXIS 92589, *7-9 (D.N.J.
22 Dec. 18, 2007) (rejecting *Himmelman* and *Herring* ruling that the FLSA opt-in collective action
23 and a Rule 23 opt-out action may be brought in the same action); *Baas*, 2007 WL 2462150
24
25 ─────────────
   [9]  *See Ellison*, 2007 WL 2701923, at *2 ("*Kinney* merely stands for the proposition that Rule 23
26      procedures should not be used to certify an FLSA class.")

27                                              13
28

1

2    (citing *Neary v. Metropolitan Property and Casualty Insurance Company*, 472 F. Supp. 2d 247

3    (D. Conn. 2007)). (rejecting the reasoning in *Otto* and ruling that "the FLSA does not preempt

4    state wage and hour statutes.") *See also Ellison*, 2007 WL 2701923, at *2; *supra* at 12 n.8.

5         The two district court cases from the Ninth circuit are clearly distinguishable. In

6    *Leuthold* and *Edwards*, the courts were considering whether to certify a Rule 23 class along with

7    an FLSA 216(b). *See Edwards*, 467 F.Supp.2d 986; *Leuthold*, 224 FRD 462. In rejecting the

8    plaintiff's motions to certify both classes, the courts explained that a significant concern was

9    supplemental jurisdiction. *See Edwards v. City of Long Beach*, 467 F. Supp. 2d 986 (C.D. Cal.

10   2006) ("But for the FLSA claims, Plaintiffs would not have jurisdiction in this Court. See *28

11   U.S.C. § 1367(a)*. Thus, if 'only a few plaintiffs opt-in to the FLSA class after the court were to

12   certify a Rule 23 state law class, the court might be faced with the somewhat peculiar situation of

13   a large number of plaintiffs in the state law class who have chosen not to prosecute their federal

14   claims.'") (citing *Leuthold*).[10]  Clearly this is not the case here, where there is only a rule 23

15   state law claim, and Defendant removed this action to federal court based on CAFA. *See

16   Ellison*, 2007 WL 2701923 at *2 (ruling it was premature to strike Rule 23 claims when the

17   Court has independent jurisdiction of the claims under CAFA.)

18        Defendant also argues that the Court should not allow a Rule 23 class to proceed because

19   it would result in collateral estoppel and/or *res judicata* of class members FLSA claims. This

20   argument does not withstand scrutiny.  Under Defendant's argument, an employee could never

21   bring a Rule 23 class action under state law, even when no FLSA representative action had been

22   filed, because it could bar later FLSA cases. This is absurd. States have broad authority under

---

[10]  Moreover, a factor in the *Leuthold* decision to deny certification of the proposed Rule 23 class was the fact that "substantial hostility against this lawsuit exists amongst potential class members." *Id.* at 470.

14

1

2    their police powers to regulate employment relationships for the benefit of workers within that

3    state. *De Canas v. Bica,* 424 U.S. 351, 356 (1976).  When Congress legislates in an area that is

4    historically within the state's police power, such as here, state laws are not preempted absent the

5    "clear and manifest purpose of Congress." *Cipollone v. Liggett Group,* 505 U.S. 504, 516

6    (1992). There is a strong presumption against the preemption of state law. *Medtronic, Inc, v.*

7    *Lohr,* 518 U.S. 470, 485 (1996); *see also Hawaiian Airlines v. Norris,* 512 U.S. 246, 252 (1994)

8    ("Pre-emption of employment standards within the traditional police power of the State should

9    not be lightly inferred.") (internal quotes omitted). [11]

10

11          Defendant argues that confusion will result from having a California wage and hour class

12    action and an FLSA collective action, and that as a result rule 23 class members could lose their

13    rights. Setting aside Defendants obviously disingenuous concern for the putative plaintiffs, the

14    risk of such confusion, if it exists at all, can be adequately minimized through a carefully crafted

15    notice. *Scholtisek,* 229 F.R.D. at 394 (approving Rule 23 class certification and 216(b) collective

16    certification in a case containing both state law and FLSA claims). Indeed, even in cases with

17    concurrent FLSA opt-in and Rule 23 opt-out classes, courts have recognized that "with

18    appropriate attention from able counsel and the Court, class members can be afforded effective

19    notice that will appropriately protect their rights and make clear their opportunities in connection

20    with this litigation." *Smellie,* 2004 WL 2725124, at *7. Moreover, Defendant has offered no

21

22    _____

    [11]   In *Chao v. A-One Medical Services*, the court found that a previous counterclaim for overtime filed
23    by one of the employees on whose behalf the Secretary of Labor was pursuing a claim for overtime,
    precluded that employee from obtaining relief in the action brought by the Secretary. 346 F.3d 908
24    (9th Cir. 2003), *cert. denied,* 541 U.S. 1030 (2004). In *Tran v. Le French Baker, Inc.*, No. C-94-
    0482, 1995 U.S. Dist. LEXIS 8371 (N.D. Cal. June 14, 1995), the plaintiff, who previously had filed
25    a claim with the California Commissioner for unpaid wages under the state statute and received a
    recovery, was barred from subsequently bringing an FLSA claim in federal court. Neither case
26    involved a class action.

27                                            15

28

compelling basis for believing that pharmaceutical reps are a particularly vulnerable group who would be unable to take advantage of the protections ordinarily available under Rule 23, including the ability to opt out of the class if so desired.

## CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss and/or strike Plaintiff's class allegations should be denied.

Dated: New York, New York
       January 11, 2008

Respectfully submitted,

KINGSLEY & KINGSLEY

By:   /s/ Eric Kingsley
      Eric B. Kingsley
      16133 Venture Blvd., Suite 1200
      Encino, CA 91436
      Tel. (818) 990-8300
      Fax (818) 990-2903

      Attorneys for Plaintiffs

16

1

2

**CERTIFICATE OF SERVICE**

3

    I hereby certify that on January 11, 2008, a copy of Plaintiff's Opposition to Defendant's
Motion to Dismiss or Strike Class Allegations was filed electronically. The following parties
shall receive an email notification through the Court's ECF system:

4

5

6

| Aaron L. Agenbroad<br>Email: alagenbroad@jonesday.com | Michael Jeffrey Gray<br>Email: mjgray@jonesday.com |
|---|---|
| David W. Sanford<br>Email: dsanford@nydclaw.com | Grant Morris<br>Email: gmorris@nydclaw.com |
| Gregory N. Karasik<br>Email: greg@spiromoss.com | Ira Spiro<br>Email: Ira@SpiroMoss.com |
| Erik B. Kingsley<br>Email: KingsleyLaw@aol.com | |

7

8

9

10

11

12

    Further, I hereby certify that the following parties have been served with a copy of the
foregoing via regular United States Mail, postage prepaid, this January 11, 2008:

13

| Charles Joseph<br>Joseph & Herzfeld<br>757 3rd Avenue<br>25th Floor<br>New York, NY 10017 | George R. Kingsley<br>Darren M. Cohen<br>Kingsley & Kingsley, APC<br>16133 Ventura Boulevard<br>Suite 1200<br>Encino, CA 91436 |
|---|---|
| James A. Jones<br>Gillespie Rozen Watsky & Jones, P.C.<br>3402 Oak Grove Avenue<br>Suite 200<br>Dallas, TX 75204 | Meenoo Chahbazi<br>Sanford, Wittels, & Heisler<br>1666 Connecticut Ave NW<br>Suite 130<br>Washington, DC 20009 |

14

15

16

17

18

19

20

21

22

                    By:    /s/ Eric Kingsley
                    Eric B. Kingsley
                    Kingsley & Kingsley
                    16133 Venture Blvd., Suite 1200
                    Encino, CA 91436
                    Tel. (818) 990-8300
                    Fax (818) 990-2903

23

24

25

26

                    Attorneys for Plaintiffs

27

28