Aaron L. Agenbroad (State Bar No. 242613)
alagenbroad@jonesday.com
JONES DAY
555 California St, 26th Floor
San Francisco, CA 94101-1500
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

Michael J. Gray (*pro hac vice* granted)
mjgray@jonesday.com
Jones Day
77 West Wacker
Chicago, IL 60601-1692
Telephone: (312) 782-3939
Facsimile: (312) 782-8585

Attorneys for Defendant
Abbott Laboratories

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

PAUL THORPE, on behalf of himself and others similarly situated,

Plaintiffs,

v.

ABBOTT LABORATORIES INC. a Delaware corporation, doing business in California as ABBOTT SALES, MARKETING & DISTRIBUTION CO.; and Does 1 to 50, Inclusive,

Defendants.

Case No. 07-05672 RMW

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS OR STRIKE CLASS ALLEGATIONS**

Date: February 1, 2008
Time: 9:00 a.m.
Dept.: Courtroom 6, 4th Floor
Judge: Ronald M. Whyte

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ........ ii

INTRODUCTION ........ 1

ARGUMENT ........ 1

A. Plaintiff's Rule 23 Claims Are Incompatible With The Pending Section 216(B) Action ........ 1

B. Plaintiff's Rule 23 Class Allegations Should Be Dismissed For Failure To Satisfy The Requirements Of Rule 23 ........ 5

1. Plaintiff Cannot Certify A Class Under Rule 23(b)(1) Because There Is No Risk Of Inconsistent Judgments ........ 6

2. Plaintiff Cannot Certify A Class Under Rule 23(b)(2) Because Monetary Relief Predominates Over Injunctive Relief ........ 7

3. Plaintiff Cannot Certify A Class Under Rule 23(b)(3) Because Class Treatment Under Rule 23 Is Not Superior To Other Forms Of Adjudication ........ 8

C. Plaintiff Inappropriately Argues The Merits Of His Claims. ........ 10

CONCLUSION ........ 10

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Aguayo v. Oldenkamp Trucking*, No. CV F 04-6279, 2005 WL 2436477 (END. Cal. Oct. 3, 2005) .......... 4

*Allen, et al. v. WTD Industries, Inc. et al.*, Civ. No. 99-249-RE, 2000 U.S. Dist. LEXIS 22382 (D. Or. Oct. 11, 2000) .......... 4

*Aquilino v. Home Depot U.S.A., Inc.*, No. 04-4100(PGS), 2006 WL 2023539 (D.N.J. July 18, 2006) .......... 2

*Allen v. WTD Industrial*, Civ. No. 99-249, 2000 U.S. Dist. LEXIS 22382 (D. Or Oct. 11, 2000) .......... 4

*Baas v. Dollar Tree Store*, No. C 07-03108, 2007 WL 2462150 (N.D. Cal. Aug. 29, 2007) .......... 4

*Bahramipour, et al. v. Citigroup Global Markets, Inc.*, No. C 04-4440, 2006 WL 449132 (N.D. Cal. Feb. 22, 2006) .......... 4

*Bamante, et al. v. City of Mesa*, No. CV 06-01860, 2007 U.S. Dist. LEXIS 50101 (D. Az. July 10, 2007) .......... 4

*Barnett v. Washington Mutual Bank, FA*, No. C. 03-00753, 03-3239, 03-3714, 03-4351, 03-1446, 03-0943, 03-4278, 03-2007, 03-3317, 03-2853, 03-3533, 2004 WL 2011462 (N.D. Cal. Sept. 9, 2004) .......... 4

*Barnick, et al. v. Wyeth, et al.*, Case No. 07-3859, 2007 U.S. Dist. LEXIS 86265 (C.D. Cal. Oct. 24, 2007) .......... 10

*Bodner v. Oreck Direct, LLC*, No. C 06-4756, 2007 WL 1223777 (N.D. Cal. April 25, 2007) .......... 1

*Brothers v. Portage National Bank*, No. 3:06-94, 2007 WL 965835 (W.D. Pa. Mar. 29, 2007) .......... 2

*Chao v. A-One Medical Serv., Inc.*, 346 F.3d 908 (9th Cir. 2003) .......... 5

*Chavez v. IBP, Inc.*, No. CT-01-5093-EFS, 2002 WL 31662302 (E.D. Wa. Oct. 28, 2002) .......... 4, 9

*Clark v. McDonald's Corp.*, 213 F.R.D. 198 (D.N.J. 2003) .......... 5

*Coleman v. General Motors Acceptance Corp.*, 296 F.3d 443 (6th Cir. 2002) .......... 7

*D'Este, et al. v. Bayer Corp., et al.*, No. 07 Civ. 3206, 2007 U.S. Dist. LEXIS 87229 (C.D. Cal. Oct. 9, 2007) .......... 10

*De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301 (3rd Cir. 2003) .......... 2

*De Luna-Guerrero v. The North Carolina Grower's Associate, Inc.*, 338 F.Supp.2d 649 (E.D.N.C. 2004) .......... 2

*Edwards v. City of Long Beach*, 467 F.Supp.2d 986 (C.D. Cal. 2006) .......................... 1, 2, 3, 4, 8

*Evancho v. Sanofi-Aventis U.S. Inc.*, --- F.Supp.2d ---, No. 07-2266, 2007 WL 4546100 (D.N.J. December 19, 2007) ......................................................... 1, 2

*Evans v. Lowe's Home Ctrs., Inc.*, No. 3:CV-03-0438, 2006 WL 1371073 (M.D. Pa. May 18, 2006) ................................................................................... 2

*Glewwe v. Eastman Kodak Co.*, No. 05cv6462T, 2006 WL 1455476 |(W.D.N.Y. May 25, 2006) ................................................................................ 2

*Harper v. Yale Intern. Insurance Agency, Inc.*, No. 03C 3789, 2004 WL 1080193 (N.D. Ill. May 12, 2004) ............................................................ 2

*Herring v. Hewitt Associates, Inc.*, No. 06-267, 2006 WL 2347875 (D.N.J. Aug. 11, 2006)........................................................................................ 2, 3

*Himmelman v. Continental Casualty Co.*, No. 06-166, 2006 WL 2347873 (D.N.J. Aug. 11, 2006)..................................................................................... 1, 2, 3

*Hyman v. WM Financial Services, Inc.*, No. 06-CV-4038, 2007 WL 1657392 (D.N.J. June 7, 2007) ....................................................................................... 2

*In re: Farmers Insurance Exch. Claims Rep. Overtime Pay Litigation*, No. MDL 1439, 2003 WL 23669376 (D. Or. May 19, 2003)........................................ 4, 9

*Jackson v. City of San Antonio*, 220 F.R.D. 55 (W.D. Tex. 2003) ............................................ 2

*Jimenez v. Domino's Pizza, Inc.*, 238 F.R.D. 241 (C.D. Cal. 2006) ...................................... 6, 7, 8

*Kelly, et al. v. SBC, et al.*, No. 97-CV-2729, 1998 U.S. Dist. LEXIS 18643 (N.D. Cal. Nov. 13, 1998)...................................................................................... 4, 9

*Kurihara v. Best Buy Co. Inc.*, --- F.Supp.2d ---, No. C 06-01884, 2007 WL 2501698 (N.D. Cal. Aug. 30, 2007)............................................................................................ 8

*Letouzel v. Eastman Kodak Co.*, No. 05cv6464T, 2006 WL 1455478 (W.D.N.Y. May 25, 2006) ............................................................................................ 2

*Leuthold v. Destination America, Inc.*, 224 F.R.D. 462 (N.D. Cal. 2004).................. 2, 3, 4, 6, 8, 9

*Luciano v. Eastman Kodak Co.*, No. 05cv6463T, 2006 WL 1455477 (W.D.N.Y. May 25, 2006) ............................................................................................ 2

*Maddock v. KB Homes*, No. CV-06-05241, 2007 WL 2221030 (C.D. Cal. July 9, 2007) ............................................................................................ 6, 7

*Madrigal v. Green Giant Co.*, No. C-78-157, 1981 WL 2331 (E.D. Wa. July 27, 1981) ............................................................................................ 2

*McClain v. Leona's Pizzeria, Inc.*, 222 F.R.D. 574 (N.D.Ill. 2004).......................................... 2, 3

*McDonnell Douglas Corp. v. U.S. District Ct.*, 523 F.2d 1083 (9th Cir. 1975) ............................ 6

*Menes v. Roche Laboratories*, No. 07cv1444 (C.D. Cal. Jan. 7, 2008)....................................... 10

*Moeck v. Gray Supply Corp.*, No. 03-1950, 2006 WL 42368 (D.N.J. Jan. 6, 2006) ........ 2

*Muecke v. A-Reliable Automobile Parts and Wreckers, Inc.*, No. 01 C 2361, 2002 WL 1359411 (N.D.Ill. June 21, 2002) ........ 2, 8

*Neary v. Metropolitan Property and Casualty Insurance Co.*, 472 F.Supp.2d 247 (D. Conn. 2007) ........ 2

*Nelsen v. King Cty.*, 895 F.2d 1248 (9th Cir. 1990) ........ 6, 7

*Otto v. Pocono Health System*, 457 F.Supp.2d 522 (M.D. Pa. 2006) ........ 2

*Ramirez, et al. v. RDO-BOS Farms, LLC,* Civ. No. 06-174, 2007 WL 273604 (D. Or. Jan. 23, 2007) ........ 4

*Ramsey v. Ryan Beck & Co., Inc.*, No. 07-635, 2007 WL 2234567 (E.D. Pa. Aug. 1, 2007) ........ 2

*Riddle v. National Security Agency, Inc.*, No. 05-C-5880, 2007 WL 2746597 (N.D. Ill. Sept. 13, 2007) ........ 2

*Roe-Midgett v. CC Services, Inc.*, No. 04cv4051, 2006 WL 726252 (S.D. Ill. Mar. 16, 2006) ........ 2

*Sepulveda v. Wal-Mart Stores, Inc.*, 237 F.R.D. 229 (C.D. Cal. 2006) ........ 6, 7, 8

*Takas, et al. v. A.G. Edwards and Sons, Inc.*, 444 F.Supp.2d 1100 (S.D. Cal. 2006) ........ 4

*Tomlinson, et al. v. Indymac Bank*, 359 F.Supp.2d 898 (C.D. Cal. 2005) ........ 4

*Tran v. Le French Baker, Inc.*, No. C-94-0482 VRW, 1995 WL 374342 (N.D. Cal. June 14, 1995) ........ 5

*Wang v. Chinese Daily News*, 231 F.R.D. 602 (C.D. Cal. 2005) ........ 4

*Williams v. Trendwest Resorts, Inc.*, No. 2:05-CV-0605, 2007 WL 2429149 (D. Nev. Aug. 20, 2007) ........ 1, 2, 3

**FEDERAL RULES AND STATUTES**

29 U.S.C. § 216(b) ........................................................................................ 1, 2, 3, 9, 10

Fed. R. Civ. P. 23(b)(1)............................................................................................ 6, 7, 8

Fed. R. Civ. P. 23(b)(2) ........................................................................................ 6, 7, 8

Fed. R. Civ. P. 23(b)(3) ........................................................................................ 4, 6, 8, 9

Plaintiff attempts to overcome Abbott's Motion to Dismiss by misstating Abbott's arguments and prematurely addressing the merits of his claims in this case. However, it remains apparent on the face of the Complaint that class treatment of the state law claims under Rule 23 would be incompatible with the parallel FLSA case, *Jirak, et al v. Abbott Laboratories, Inc.*, pending in the United States District Court for the Northern District of Illinois, and that Plaintiff cannot meet the requirements of Rule 23. Plaintiff's hyperbole regarding the consequences of Abbott's arguments similarly does not alter the need to strike the class allegations to prevent Plaintiff from circumventing the opt-in requirement of the FLSA. Indeed, while Plaintiff makes much of the fact that the Rule 23 claims in this case are asserted by a different plaintiff in a separate action from the FLSA action (Plaintiff's Response at 1, 10, and 11), he does not explain why this is a meaningful distinction.[1] On the contrary, as discussed in Abbott's Memorandum of Points & Authorities in Support of its Motion to Dismiss, the reasons for dismissing Rule 23 state law wage and hour claims in hybrid cases apply with equal force when those claims are asserted in separate lawsuits, and require dismissal here. *Cf. Evancho v. Sanofi-Aventis U.S. Inc.*, --- F.Supp.2d ---, No. 07-2266, 2007 WL 4546100 (D.N.J. December 19, 2007); *Ellis v. Edward D. Jones & Co.*, --- F.Supp.2d ---, No. 06-66, 2007 WL 4426615, *8 (W.D. Pa. December 18, 2007); *Edwards v. City of Long Beach*, 467 F.Supp.2d 986, 992 (C.D. Cal. 2006); *Himmelman v. Continental Casualty Co.*, No. 06-166, 2006 WL 2347873 (D.N.J. Aug. 11, 2006).

## ARGUMENT

### A. Plaintiff's Rule 23 Claims Are Incompatible With The Pending Section 216(B) Action.

Consistent with the Congressional purpose behind the FLSA, courts in the Ninth Circuit, and other circuits, have declined to allow Rule 23 state law claims to proceed alongside FLSA representative actions and have found that "the class action mechanisms of the FLSA and Rule 23 are incompatible."[2] *Williams v. Trendwest Resorts, Inc.*, No. 2:05-CV-0605, 2007 WL 2429149,

[1] Plaintiff's counsel does not address their role in bringing *Jirak* and the present case. In cases in which plaintiff's counsel is the driving force behind both lawsuits litigation, rather than the plaintiff, class treatment may be inappropriate. *See Bodner v. Oreck Direct LLC*, --- F.Supp.2d---, No. C 06-4756, 2007 WL 1223777 (N.D. Cal. April 25, 2007).

[2] **Ninth Circuit:** *Williams v. Trendwest Resorts, Inc.*, No. 2:05-CV-0605, 2007 WL 2429149, *4 (D. Nev. Aug. 20, 2007); *Edwards v. City of Long Beach*, 467 F.Supp.2d 986, 992 (C.D. Cal. 2006);

*4 (D. Nev. Aug. 20, 2007). Indeed, in a recent case involving the exempt status of pharmaceutical sales representatives – the same type of employees at issue here – one court dismissed the plaintiff's Rule 23 state law wage and hour claims, reiterating that allowing Rule 23 opt-out claims to proceed with FLSA opt-in claims would "undermine Congress's intent to limit these types of claims to collective actions." *Evancho*, 2007 WL 4546100, at *5.

Moreover, the fact that the Rule 23 state law wage and hour claims and FLSA claims are brought in separate actions, rather than as a hybrid case, does not change the fact that "allowing both a § 216(b) collective action and a Rule 23 class action would frustrate the purpose of requiring plaintiffs to affirmatively opt-in to § 216(b) collective actions." *Edwards*, 467 F.Supp.2d at 993. As courts in this Circuit have held, "the policy behind requiring FLSA

(continued…)

*Leuthold v. Destination America, Inc.*, 224 F.R.D. 462, 470 (N.D. Cal. 2004); *Madrigal v. Green Giant Co.*, No. C-78-157, 1981 WL 2331, *3 (E.D. Wa. July 27, 1981)

**Second Circuit:** *Neary v. Metropolitan Property and Cas. Ins. Co.*, 472 F.Supp.2d 247, 253 (D. Conn. 2007); *Glewwe v. Eastman Kodak Co.*, No. 05cv6462T, 2006 WL 1455476 (W.D.N.Y. May 25, 2006); *Luciano v. Eastman Kodak Co.*, No. 05cv6463T, 2006 WL 1455477 (W.D.N.Y. May 25, 2006); *Letouzel v. Eastman Kodak Co.*, No. 05cv6464T, 2006 WL 1455478 (W.D.N.Y. May 25, 2006).

**Third Circuit:** *De Asencio v. Tyson Foods, Inc.* 342 F.3d 301, 312 (3rd Cir. 2003); *Evancho v. Sanofi-Aventis U.S. Inc.*, 07-2266, 2007 WL 4546100, *5 (D.N.J. Dec. 19, 2007); *Ellis v. Edward D. Jones & Co.*, --- F.Supp.2d ---, No. 06-66, 2007 WL 4426615, *8 (W.D. Pa. December 18, 2007); *Ramsey v. Ryan Beck & Co., Inc.*, No. 07-635, 2007 WL 2234567, at * 2 (E.D. Pa. Aug. 1, 2007); *Hyman v. WM Financial Services, Inc.*, No. 06-CV-4038, 2007 WL 1657392, *6 (D.N.J. June 7, 2007); *Brothers v. Portage National Bank*, No. 3:06-94, 2007 WL 965835 (W.D. Pa. Mar. 29, 2007); *Otto v. Pocono Health System*, 457 F.Supp.2d 522 (M.D. Pa. 2006); *Himmelman v. Cont'l Cas. Co.*, No. 06-166, 2006 WL 2347873, at *1-*2 (D.N.J. Aug. 11, 2006); *Herring v. Hewitt Assocs., Inc.*, No. 06-267, 2006 WL 2347875, at *1-*2 (D.N.J. Aug. 11, 2006); *Aquilino v. Home Depot U.S.A., Inc.*, No. 04-4100(PGS), 2006 WL 2023539, at *3 (D.N.J. July 18, 2006); *Evans v. Lowe's Home Ctrs., Inc.*, No. 3:CV-03-0438, 2006 WL 1371073, at * 5 (M.D. Pa. May 18, 2006); *Moeck v. Gray Supply Corp.*, No. 03-1950, 2006 WL 42368, at *5 (D.N.J. Jan. 6, 2006); *Ramsey v. Beck*, No. 07-635, 2007 WL 2234567, at *2 (E.D. Pa. Aug. 1, 2007).

**Fourth Circuit:** *De Luna-Guerrero v. The North Carolina Grower's Assoc., Inc.*, 338 F.Supp.2d 649, 652-53 (E.D.N.C. 2004).

**Fifth Circuit:** *Jackson v. City of San Antonio*, 220 F.R.D. 55, 63 (W.D. Tex. 2003)

**Seventh Circuit:** *Riddle v. National Security Agency, Inc.*, No. 05-C-5880, 2007 WL 2746597, at *4 (N.D. Ill. Sept. 13, 2007); *Roe-Midgett v. CC Servs., Inc.*, No. 04cv4051, 2006 WL 726252, at *2 (S.D. Ill. Mar. 16, 2006); *Harper v. Yale Intern. Ins. Agency, Inc.*, No. 03 C 3789, 2004 WL 1080193, *5 (N.D. Ill. May 12, 2004); *McClain v. Leona's Pizzeria, Inc.*, 222 F.R.D. 574, 577 (N.D.Ill. 2004); *Muecke v. A-Reliable Auto Parts and Wreckers, Inc.*, No. 01 C 2361, 2002 WL 1359411, *2 (N.D.Ill. June 21, 2002).

plaintiffs to opt-in to the class would largely be thwarted if a plaintiff were permitted to back door the shoehorning in of unnamed parties through the vehicle of calling upon similar state statutes that lack such an opt-in requirement." *Id*. (quoting *Leuthold*, 224 F.R.D. at 470). *See also Williams*, 2007 WL 2429149, at *4 (dismissing plaintiffs section 17200 opt-out class claims as incompatible with the opt-in provisions of the FLSA); *Himmelman*, 2006 WL 2347873, at *2 (granting defendant's motion to dismiss/strike plaintiff's Rule 23 class allegations because state law class allegations are legally incompatible with FLSA claim); *Herring*, 2006 WL 2347875, at *2 ("[T]hese two schemes are inherently incompatible."). This reasoning applies equally to parallel Rule 23/FLSA actions and hybrid cases. Additionally, the likelihood that "confusion would result from requiring potential plaintiffs to both opt-in and opt-out of the claims in the suit" is even greater where, as here, putative class members would receive conflicting opt-in and opt-out forms with two different procedures from two separate courts in different parts of the country. *Edwards*, 467 F.Supp.2d at 992; *see Leuthold* 224 F.R.D. at 470; *cf. McClain*, 222 F.R.D. at 577 (noting "the inherently contrasting nature of opt-in versus opt-out actions would create challenges were these actions to proceed simultaneously in federal court" because, among other things, it is confusing for a potential class member to receive a notice indicating that they must opt out of some claims and opt in to others). The Congressional purpose behind the FLSA, accordingly, demands that Plaintiff's Rule 23 claims be dismissed.

In his Response, Plaintiff unsuccessfully attempts to diminish the force of the *Edwards* and *Leuthold* decisions. He notes that supplemental jurisdiction was a concern in both cases, whereas the Court here has original jurisdiction. However, this distinction does not weaken the force of the *Edwards* and *Leuthold* cases' holdings regarding the incompatibility of FLSA opt-in and Rule 23 opt-out procedures, the superiority of opt-in treatment over opt-out treatment, or the possibility of confusion resulting from multiple class notices – all of which were reached independently of the respective courts' jurisdictional analyses. The *Edwards* court expressly noted that "allowing both a § 216 collective action and Rule 23 class action to proceed would frustrate the purpose of requiring plaintiffs to affirmatively opt-in to § 216(b) collective actions," and stated its concern in that regard was "in addition" to, and not dependant on, the "potential

jurisdictional issues." 467 F.Supp.2d at 993. The court went on to determine that collective action treatment under the FLSA defeated Rule 23 superiority, a point that also was addressed prior to analyzing any jurisdictional issues. 467 F.Supp.2d at 992. Likewise, the *Leuthold* court stated, before addressing any jurisdictional issues, that the alternative of class members "prosecuting their pendant state law claims as part of the FLSA class action … undercut[] all of the Rule 23(b)(3) superiority factors." 224 F.R.D. at 469.

Plaintiff's district court cases from the Ninth Circuit are not contrary to Abbott's incompatibility and superiority arguments because many of the cases do not address, much less analyze, those issues. In fact, of the district court cases from the Ninth Circuit in footnote 8 of Plaintiff's Response, more than half do not address the issue of incompatibility[3] and over two-thirds do not address the issue of superiority[4]. Further, Plaintiff also overstates the case law in support of the position that FLSA collective actions may proceed simultaneously with Rule 23 state law wage and hour class actions. Plaintiff characterizes the case law in support of his position as "overwhelming"; however, as discussed above and set forth in footnote 2, numerous courts have reached the opposite conclusion, and dismissed Rule 23 state law class claims when they are brought in the same action as FLSA section 216(b) representative claims.

Plaintiff also overstates the reach of Abbott's argument regarding the incompatibility of Rule 23 opt-out and FLSA opt-in claims. Plaintiff asserts that "under [Abbott's] argument,

[3] *Ramirez, et al. v. RDO-BOS Farms, LLC,* Civ. No. 06-174, 2007 WL 273604 (D. Or. Jan. 23, 2007); *Bahramipour, et al. v. Citigroup Global Markets, Inc.*, No. C 04-4440, 2006 WL 449132 (N.D. Cal. Feb. 22, 2006); *Takas, et al. v. A.G. Edwards and Sons, Inc.*, 444 F.Supp.2d 1100 (S.D. Cal. 2006); *Tomlinson, et al. v. Indymac Bank*, 359 F.Supp.2d 898 (C.D. Cal. 2005); *Wang v. Chinese Daily News*, 231 F.R.D. 602 (C.D. Cal. 2005); *In re: Farmers Ins. Exch. Claims Rep. Overtime Pay Litig.*, No. MDL 1439, 2003 WL 23669376 (D. Or. May 19, 2003); and *Allen, et al. v. WTD Industries, Inc. et al.*, Civ. No. 99-249-RE, 2000 U.S. Dist. LEXIS 22382 (D. Or. Oct. 11, 2000).

[4] *Baas v. Dollar Tree Store*, No. C 07-03108, 2007 WL 2462150 (N.D. Cal. Aug. 29, 2007); *Bamante, et al. v. City of Mesa*, No. CV 06-01860, 2007 U.S. Dist. LEXIS 50101 (D. Az. July 10, 2007); *Bahramipour v. Citigroup Global Markets, Inc.*, No. C. 04-4440, 2006 WL 449132 (N.D. Cal. Feb 22, 2006); *Takas, et al. v. A.G. Edwards and Sons, Inc.*, 444 F.Supp.2d 1100 (S.D. Cal. 2006); *Tomlinson, et al. v. Indymac Bank*, 359 F.Supp.2d 898 (C.D. Cal. 2005); *Aguayo v. Oldenkamp Trucking*, No. CV F 04-6279, 2005 WL 2436477 (E.D. Cal. Oct. 3, 2005); *Barnett v. Washington Mutual Bank, FA*, No. C. 03-00753, 03-3239, 03-3714, 03-4351, 03-1446, 03-0943, 03-4278, 03-2007, 03-3317, 03-2853, 03-3533, 2004 WL 2011462 (N.D. Cal. Sept. 9, 2004); *In re: Farmers Ins. Exch. Claims Rep. Overtime Pay Litig.*, No. MDL 1439, 2003 WL 23669376 (D. Or. May 19, 2003); *Chavez v. IBP, Inc.*, No. CT-01-5093-EFS, 2002 WL 31662302 (E.D. Wa. Oct. 28, 2002); *Allen v. WTD Indus.*, Civ. No. 99-249, 2000 U.S. Dist. LEXIS 22382 (D. Or Oct. 11, 2000); and *Kelly, et al. v. SBC, et al.*, No. 97-CV-2729, 1998 U.S. Dist. LEXIS 18643 (N.D. Cal. Nov. 13, 1998).

employees would be automatically barred from bringing state wage and hour class claims to enforce their rights whenever any other employee in the country filed an FLSA representative action against the same employer." Plaintiff's Response at 10. This is incorrect. Only employees within the scope of the FLSA collective class definition would be prevented from bringing a *class* claim for state law wage and hour violations. Such employees would be able to pursue their individual state law wage and hour claims either by opting in to the FLSA class and bringing their individual claims in that forum, or filing individual claims independently.

Finally, Plaintiff misstates the consequences of Abbott's arguments with regard to the *res judicata* or collateral estoppel effects of a Rule 23 class proceeding parallel to an FLSA action. Plaintiff asserts that "[u]nder Defendant's argument, an employee could never bring a Rule 23 class action under state law, even when no FLSA representative action had been filed, because it could bar later FLSA cases." Plaintiff's Response at 14. Abbott makes no such argument. Employees may bring a state law class action for wage and hour violations under Rule 23, but employees who wish to preserve their ability to assert claims under the FLSA based on the same conduct would be required to opt out of the suit in order to preserve their FLSA claims. This is consistent with this Circuit's law, holding that an adjudication of claims under the California wage and hour laws would be *res judicata* as to FLSA claims based on the same events. *See e.g., Chao v. A-One Med. Serv., Inc*., 346 F.3d 908, 920-923 (9th Cir. 2003) (dismissing the FLSA claims of one employee (out of 8) on *res judicata* grounds because she had previously filed state law overtime claims against her employer); *Tran v. Le French Baker, Inc*., No. C-94-0482 VRW, 1995 WL 374342, at *2 (N.D. Cal. June 14, 1995) (finding plaintiff's FLSA collective action claims barred by the *res judicata* effect of plaintiff's prior state administrative claim for unpaid overtime).

**B. Plaintiff's Rule 23 Class Allegations Should Be Dismissed For Failure To Satisfy The Requirements Of Rule 23.**

Despite Plaintiff's arguments, it remains clear on the face of the Complaint that the proposed class cannot meet the requirements of Rule 23 and the class allegations should be stricken. *See Clark v. McDonald's Corp.*, 213 F.R.D. 198, 205 n.3 (D.N.J. 2003) ("A defendant

may move to strike class action allegations prior to discovery in those rare cases where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met."). First, certification pursuant to Rule 23(b)(1) is unavailable because there is no risk of judgments imposing inconsistent standards of conduct on Abbott. *See, e.g., Maddock v. KB Homes*, No. CV-06-05241, 2007 WL 2221030, at *6 (C.D. Cal. July 9, 2007); *Sepulveda v. Wal-Mart Stores, Inc.*, 237 F.R.D. 229, 245 (C.D. Cal. 2006); *Jimenez v. Domino's Pizza, Inc.*, 238 F.R.D. 241, 250 (C.D. Cal. 2006) (same). Second, Plaintiff is unable to establish the requirements of Rule 23(b)(2) because monetary relief clearly predominates over the injunctive relief that he requests. *See Nelsen v. King Cty.*, 895 F.2d 1248, 1255 (9th Cir. 1990). Third, Rule 23(b)(3) is inappropriate because class treatment is not superior to other forms of adjudication. *See, e.g., Leuthold* 224 F.R.D. at 469-70.

### 1. Plaintiff Cannot Certify A Class Under Rule 23(b)(1) Because There Is No Risk Of Judgments Imposing Inconsistent Standards Of Conduct.

Plaintiff attempts to establish the risk of inconsistent judgments as a basis for denying the motion to dismiss. Plaintiff's Response at 5 (citing *McDonnell Douglas Corp. v. U.S. Dist. Ct.*, 523 F.2d 1083, 1086 (9th Cir. 1975)). Plaintiff's argument, however, ignores the recent case law in this Circuit that the risk of inconsistent judgments in exemption misclassification cases does not impose inconsistent standards of conduct. *See, e.g., Maddock*, 2007 WL 2221030, at *6; *Sepulveda*, 237 F.R.D. at 245; *Jimenez*, 238 F.R.D. at 250. Thus, his allegation that pharmaceutical sales representatives were uniformly misclassified as exempt is insufficient on its face to raise a risk under Rule 23(b) of imposing inconsistent standards of conduct.

In *Sepulveda*, for example, the court held that certification pursuant to Rule 23(b)(1) was inappropriate because there was no risk of inconsistent judgments with which the defendant could not simultaneously comply. "[I]f each class member were to proceed separately, an order might (or might not) issue ordering Defendant to reclassify that particular class member as non-exempt …the injunction would not affect the rights of other AMs." *Sepulveda*, 237 F.R.D. at 245. Here, as in *Sepulveda*, there is no risk of inconsistent judgments with which Abbott could not simultaneously comply. Neither Plaintiff's damages claims nor injunctive claims raise the

possibility of judgments imposing inconsistent standards, since Abbott could comply with verdicts directing payments as to some plaintiffs and denying payments as to others, or treat some pharmaceutical sales representatives as exempt and others as nonexempt as different verdicts might require. *See Sepulveda*, 237 F.R.D at 245 (no risk of inconsistent standards based on damages or injunctive claims in exemption misclassification case); *Jimenez* 238 F.R.D. at 250 (same).

**2. Plaintiff Cannot Certify A Class Under Rule 23(b)(2) Because Monetary Relief Predominates Over Injunctive Relief.**

Plaintiff's Response asserts that he has sufficiently alleged compliance with the requirements of Rule 23(b)(2) because "injunctive relief would be necessary were plaintiff to succeed on the merits." However, Plaintiff ignores the fact that in this case monetary relief clearly predominates over injunctive relief making class treatment under Rule 23(b)(2) inappropriate. *See Nelsen*, 895 F.2d at 1255 (class certification under Rule 23(b)(2) is not appropriate where the relief relates "exclusively or predominately to money damages"); *see also Coleman v. General Motors Acceptance Corp.*, 296 F.3d 443, 448 (6th Cir. 2002) (reversing District Court's grant of class certification and finding that injunctive relief did not predominate). Here, monetary relief predominates for three basic reasons: (1) Plaintiff's requested injunctive relief is in fact largely monetary, (2) the requested compensatory damages require significant individualized determinations; and (3) Plaintiff is a former employee and thus would not benefit from injunctive relief.

First, where the injunctive relief sought is in fact a monetary request, certification pursuant to Rule 23(b)(2) is inappropriate. *Maddock*, 2007 WL 2221030, at *6. In *Maddock*, the court held that Rule 23(b)(2) certification was unwarranted because "plaintiff seeks an order enjoining defendant to provide class members with proper compensation, which is a request for monetary relief. As such, plaintiff primarily seeks monetary damages." *Id.* Here, Plaintiff seeks an order enjoining Abbott to provide "plaintiffs with overtime compensation and proper meal and rest breaks." Cmplt p. 16 ¶ 5. Thus, Plaintiff's request for an injunction is in fact a request for

monetary relief and, on the face of the Complaint, Plaintiff cannot meet the requirements of Rule 23(b)(2) certification.

Second, where, as here, the requested compensatory relief requires individualized damages determinations, such relief predominates over injunctive relief and class certification under Rule 23(b)(2) is not appropriate. *Sepulveda*, 237 F.R.D. at 246. Although Plaintiff downplays the individual inquiries that would be necessary in this case, any damages calculation here unquestionably "will require highly individualized proof of the duties each [employee] actually performed, the hours spent on the duties, and the overtime hours actually worked." *Sepulveda*, 237 F.R.D. at 246.

Finally, "[i]n the employment context, courts routinely deny class certification under Rule 23(b)(2) where the named plaintiff is a former employee and therefore will not benefit from the requested injunctive relief." *Kurihara v. Best Buy Co. Inc.*, --- F.Supp.2d --- (Slip copy), No. C 06-01884, 2007 WL 2501698, at *8 (N.D. Cal. Aug. 30, 2007)*; see Sepulveda*, 237 F.R.D. at 245-246; *Jimenez*, 238 F.R.D. at 250. The Plaintiff here is a former employee and neither he nor the former employees included in the class definition can benefit from injunctive relief. Cmplt. at 8 and 22; *see id.* In such circumstances, monetary relief predominates over injunctive relief and Rule 23(b)(2) is inapplicable. Thus, even at this early stage of the litigation, it is apparent that Plaintiff cannot seek certification under Rule 23(b)(2).

**3. Plaintiff Cannot Certify A Class Under Rule 23(b)(3) Because Class Treatment Under Rule 23 Is Not Superior To Other Forms Of Adjudication.**

Courts in this Circuit and elsewhere have found that the superiority requirement of Rule 23(b)(3) is not met where there is a parallel FLSA action arising from the same events. *See, e.g., Leuthold* 224 F.R.D. at 469-70 (declining to certify Rule 23 class because opt-in FLSA action is a superior method to adjudicate claims in that it affords individuals greater control over the adjudication of their rights); *Edwards*, 467 F.Supp.2d at 992-993; *Muecke*, 2002 WL 1359411, *2 (denying class certification of state law claim as not superior where employees who wanted to pursue claims could opt-in under FLSA procedure). Here, the FLSA action pending in the Northern District of Illinois is superior to class treatment under Rule 23 because it affords

individuals greater control over their claims and provides "a more appropriate vehicle to hear the state law claims of plaintiffs who are interested in pursing such claims." *Edwards*, 467 F.Supp.2d at 993 (citing *Leuthold*, 224 F.R.D. at 470); *see Leuthold*, 224 F.R.D. at 469 (the ability of individual plaintiffs to bring their pendant state law claims in a § 216(b) action "undercuts all of the Rule 23(b)(3) factors").

Plaintiff's response to this case law is to set forth a hypothetical that vastly overstates the reach of Abbott's position. Indeed, Plaintiff never addresses the issue of superiority at all, preferring instead to argue that "[u]nder Defendant's reasoning, once an FLSA representative action is filed by any of a defendant's employees anywhere – even where that FLSA action has not been certified as a class – it preempts the filing of a rule 23 class brought under state law violation by any other employee." Plaintiff's Response at 9. Plaintiff's argument is wrong. The filing of an FLSA action would not prevent other employees, who are outside the scope of the definition of the FLSA collective class, from filing separate Rule 23 class actions for state law claims. And those employees within the scope of the FLSA collective action class definition already have a forum to pursue their individual state law claims and thus do not need to file a separate Rule 23 state law class action.

Furthermore, several of the cases Plaintiff cites to support his position that "an FLSA representative action does not defeat Rule 23(b) superiority" are of limited value because, in those cases, the parties did not raise, and the court did not consider, the impact of the FLSA claim on Rule 23 superiority. For example, Plaintiff cites *In re: Farmers Ins. Exch. Claims Rep. Overtime Pay Litig.* for the proposition that "an FLSA representative action does not defeat Rule 23(b) superiority" (Plaintiff's Response at 10). In that case, however, the parties stipulated to class certification and did not contest the issue of superiority. 2003 WL 23669376, at *7. Similarly, the courts in *Chavez* and *Kelly* do not discuss the superiority of Rule 23 class treatment in light of the parallel FLSA claims. *See Chavez*, 2002 WL 31662302; *Kelley*, 1998 U.S. Dist. LEXIS 18643. As such, Plaintiff's case law is inapposite and has no bearing on the question of superiority under Rule 23(b)(3).

### C. Plaintiff Inappropriately Argues The Merits Of His Claims.

In addition to responding to Abbott's arguments, Plaintiff uses his Response as an opportunity to argue the merits of his claim that pharmaceutical sales representatives are misclassified as exempt under California wage and hour law, and in the process mischaracterizes the case law on the outside salesperson exemption. Plaintiff states that "pharmaceutical representatives do not engage in any selling and thus cannot be exempt as an 'outsides salesperson [sic].'" Plaintiff's Response at 2. Plaintiff's unsupported statement, however, is contrary to recent case law interpreting the outside sales exemption under California law as applied to pharmaceutical representatives. In fact, three recent cases from the Central District of California expressly hold that pharmaceutical representatives are exempt. *See Menes v. Roche Laboratories*, No. 07cv1444 (C.D. Cal. Jan. 7, 2008) (electronic cite not yet available); *Barnick, et al. v. Wyeth, et al.*, Case No. 07-3859, 2007 U.S. Dist. LEXIS 86265, at *9 (C.D. Cal. Oct. 24, 2007); *D'Este, et al. v. Bayer Corp., et al.*, No. 07 Civ. 3206, 2007 U.S. Dist. LEXIS 87229, at *12-13 (C.D. Cal. Oct. 9, 2007).

## CONCLUSION

Plaintiff's class action allegations should be dismissed or stricken from the Complaint for two separate and independent reasons: Plaintiff can neither bring Rule 23 claims consistent with the pending Section 216(b) collective action claims, nor meet the requirements for class certification under Rule 23. Accordingly, Defendant's Motion to Dismiss or Strike Class Allegations should be granted.

Dated: January 18, 2007

JONES DAY

By s/Aaron L. Agenbroad
Aaron L. Agenbroad

Attorneys for Defendant
ABBOTT LABORATORIES