**E-FILED on**   2/12/08

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAUL THORPE, on behalf of himself and others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>ABBOTT LABORATORIES, INC., a Delaware corporation, doing business in California as ABBOTT SALES, MARKETING & DISTRIBUTION CO.,<br><br>    Defendant. | No. C-07-05672 RMW<br><br>ORDER DENYING MOTION TO DISMISS OR STRIKE CLASS ALLEGATIONS<br><br>**[Re Docket No. 5]** |

    Paul Thorpe originally filed his complaint on behalf of himself and others similarly situated against defendant Abbott Laboratories, Inc. ("Abbott") in California state court on September 25, 2007. Abbott removed the action to federal court on November 7, 2007, basing jurisdiction on 28 U.S.C. § 1332(d) as amended by the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. §§ 1332(d)(2)(A), (d)(5) ("The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000 . . . and is a class action in which any member of a class of plaintiffs is a citizen of a State different form any defendant" and in which the number of plaintiffs in the class is at least 100). Abbott now moves to dismiss the

complaint or, in the alternative, to strike Thorpe's class allegations. For the reasons set forth below, the court denies the motion.

## I. BACKGROUND

Paul Thorpe, a resident of California, was formerly employed by Abbott as a Pharmaceutical Representative. Compl. ¶ 8. He claims that he and other Pharmaceutical Representatives have been improperly classified as "exempt" employees. *Id.* ¶ 12. Specifically, Thorpe claims that he was required to work (1) in excess of 8 hours in a workday or 40 hours in a work week without additional compensation; (2) without being provided a 10-minute break every four hours; (3) in excess of 5 hours without a compensated meal break; and (4) without being provided an accurate itemized wage statement as required by the California Labor Code. *Id.* ¶¶ 8, 12-21. Thorpe purports to state causes of action for (1) failure to pay overtime wages under Cal. Labor Code § 1194 and § 1199, *id.* ¶¶ 32-34; (2) failure to furnish wage statements in violation of Cal. Labor Code § 226(e), *id.* ¶¶ 35-43; (3) waiting time penalties under Cal. Labor Code § 203 for himself and others who are no longer in Abbott's employ, *id.* ¶¶ 44-47; and (4) violations of Cal. Bus. & Prof. Code § 17200 on three separate alleged violations (failure to pay overtime, failure to provide meal breaks, and failure to provide rest breaks), *id.* ¶¶ 48-61.

Abbott moves to dismiss with prejudice or strike class allegations on Thorpe's claims under Cal. Bus. & Prof. Code § 17200 and under Cal. Labor Code §§ 203 and 226. Abbott's primary argument is that plaintiff's claims should be dismissed (or the class allegations stricken) because plaintiff's claims for unpaid overtime for Pharmaceutical Representatives at Abbott are based on the same facts and circumstances as those alleged in a parallel federal action, *Jirak v. Abbott Laboratories, et al.*, 07-03636 ("*Jirak* action"), filed by plaintiff's counsel and currently pending in the District Court in the Northern District of Illinois.

## II. ANALYSIS

Although the plaintiff in this action is not a plaintiff in the *Jirak* action, Abbott contends that the present complaint is an attempt by plaintiff's counsel to circumvent the requirements for maintaining a class action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, by filing two class actions based on the same circumstances, namely that Abbott mis-classified

Pharmaceutical Representatives as exempt employees. For this reason, Abbott asks the court to either dismiss plaintiff's claims (which all arise under state law) with prejudice or to strike his class action allegations on the grounds that the opt-out class action that plaintiff seeks to maintain for his claims under California law is incompatible with the FLSA opt-in class action proceeding concurrently in the Northern District of Illinois.

### A.     Opt-out Versus Opt-in

The FLSA requires covered employers to compensate certain non-exempt employees for time worked in excess of the maximum hours set forth in the statute. *See* 29 U.S.C. § 207(a). The FLSA provides that "an action to recover [under the FLSA] may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. 29 U.S.C. § 216(b); *see also Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1064 (9th Cir. 2000). Section 216(b) establishes that each employee that wishes to join an FLSA class action must opt into the suit by filing a consent to sue with the district court. *See* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.").

In the instant action, plaintiff does not assert an FLSA claim either on behalf of himself or a purported class. Rather, plaintiff intends to pursue a class action for his California state claims under Federal Rule of Civil Procedure 23. Rule 23(a) sets forth the preliminary requirements to certifying a class action: (1) the class must be so numerous that joinder of all members is impracticable; (2) there must be questions of law or fact common to the class; (3) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; and (4) the representative parties must be able fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). In addition to satisfying the Rule 23(a) prerequisites, the class must also satisfy one of the three alternatives listed under Rule 23(b). *Walters v. Reno*, 145 F.3d 1032, 1045 (9th Cir. 1998). Plaintiffs bear the burden of demonstrating that they have satisfied all elements of Rule 23(a) and at least one Rule 23(b) requirement. *Zinser v. Accufix Research Institute, Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001). Unlike the FLSA, Rule 23 provides that each member of the class is bound by

the court's judgment unless the class member opts out by requesting exclusion from the class. Fed. R. Civ. P. 23(c)(2).

Abbott argues that the "opt-in" and "opt-out" certification procedures under the FLSA and Rule 23 are incompatible. According to Abbott, because the *Jirak* action involves FLSA claims alleging as their basis the same employment practices as challenged in this action under state law, and that action is proceeding as an opt-in class action under § 216(b) of the FLSA, the present action cannot be maintained. Abbott cites out-of-circuit authority and two opinions from California district courts, *Edwards v. City of Long Beach*, 467 F. Supp. 2d 986 (C.D. Cal. 2006), and *Leuthold v. Destination America, Inc.*, 224 F.R.D. 462 (N.D. Cal. 2004) (Walker, J.), in support of its contention that plaintiff may not maintain the instant case as a Rule 23 opt-out class action while an FLSA opt-in action is underway in another district.

One of Abbott's main out-of-circuit authorities is *Otto v. Pocono Health System*, 457 F. Supp. 2d 522 (M.D. Pa. 2006), in which the court dismissed the plaintiff's state-law class action claims as incompatible with the opt-in scheme under the FLSA. The *Otto* court reasoned that:

> Congress labored to create an opt-in scheme when it created Section 216(b) specifically to alleviate the fear that absent individuals would not have their rights litigated without their input or knowledge. To allow a Section 216(b) action to proceed accompanied by a Rule 23 opt-out state law class action would essentially nullify Congress's intent in crafting Section 216(b) and eviscerate the purpose of Section 216(b)'s opt-in requirement.

*Id.* at 524. As Judge Jeffrey White in this district pointed out, *Neary v. Metropolitan Property & Casualty Ins. Co.*, 472 F. Supp. 2d 247 (D. Conn. 2007), discusses why the reasoning in *Otto* is flawed. "The court in *Neary* noted that 'the FLSA does not preempt state wage and hour statutes.' Therefore, the court found that 'the better reasoned course is to dismiss class action claims grounded in state wage and hour laws in the context of a FLSA action by declining to exercise supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367.'" *Baas v. Dollar Tree Stores, Inc.*, 2007 WL 2462150 at *4 (N.D. Cal. Aug. 29, 2007) (White, J.) (citing *Neary*, 472 F. Supp. 2d at 251). It is true that at least some district courts in the Ninth Circuit have subsequently adopted the reasoning in *Otto*, stating, for example, that "[t]he policy behind requiring FLSA plaintiffs to opt in to the class would largely be thwarted if a plaintiff were permitted to back door the shoehorning in of unnamed parties through a vehicle of calling upon similar . . . statutes that lack such an opt-in requirement."

*Williams v. Trendwest Resorts, Inc.*, 2007 WL 2429149 at *4 (D. Nev. Aug. 20, 2007) (citing *Leuthold*, 224 F.R.D. at 470). Nevertheless, the court is unpersuaded that permitting a separate suit to go forward on state law claims somehow undermines the Congressional intent in providing an opt-in class action format under the FLSA. As pointed out by the courts in *Nealy* and *Baas*, the FLSA clearly indicates that it does not preempt stricter state law claims. *See* 29 U.S.C. § 218(a) (stating that nothing in the Act "shall excuse noncompliance with any Federal or State law or municipal ordinance establishing [stricter labor laws].").

Plaintiff further distinguishes the two California district court opinions that dismissed the state law claims in light of FLSA claims pending in the same action. In those cases, *Edwards* and *Leuthold*, the court dismissed the state law claims from cases in which both FLSA and state law claims were asserted. However, both courts' dismissals were ultimately based upon concerns over the exercise of supplemental jurisdiction. *Edwards*, 467 F. Supp. 2d at 992 ("Plaintiffs' Rule 23 class is based solely on state law claims, and thus raises jurisdictional concerns. But for the FLSA claims, Plaintiffs would not have jurisdiction in this Court"); *Leuthold*, 224 F.R.D. at 470 (determining that if the court certified both an FLSA and a Rule 23 state law class but only a few plaintiffs opted in to the FLSA class "[t]he court might then be in a position in which declining supplemental jurisdiction would be appropriate, given that the state law claims could be said substantially to predominate over the federal claims"). The same concern is not present in the instant case. Plaintiff does not assert an FLSA claim in this action, therefore it is not the FLSA that provides the court with federal jurisdiction over plaintiff's claims. Abbott removed this action to this court based upon the CAFA, which provides a basis for federal jurisdiction independent of supplemental jurisdiction. *See, e.g., Baas*, 2007 WL 2462150 at *4 ("[B]ecause the Court has original jurisdiction over Plaintiffs' state-law claims pursuant to CAFA . . . the Court need not make a determination under 28 U.S.C. § 1367 as to whether it should decline to exercise supplemental jurisdiction over Plaintiffs' state-law claims.").

Plaintiff points to a number of district court opinions in the Ninth Circuit, including California district courts, which have permitted FLSA and state law claims to proceed in the same action. *See Ellison v. Autozone Inc.*, 2007 WL 2701923 (N.D. Cal. Sept. 13, 2007) (Jenkins, J.),

*Baas*, 2007 WL 2462150; *Bamonte v. City of Mesa*, 2007 WL 2022011 (D. Ariz. July 10, 2007); *Ramirez v. RDO-BOS Farms, LLC*, 2007 WL 273604 (D. Or. Jan. 23, 2007); *Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474 (E.D. Cal. 2006); *Breeden v. Benchmark Lending Group, Inc.*, 229 F.R.D. 623 (N.D. Cal. 2005); *Tomlinson v. Indymac Bank, F.S.B.*, 359 F. Supp. 2d 898 (C.D. Cal. 2005); *Barnett v. Washington Mut. Bank, FA*, 2004 WL 2011462 (N.D. Cal. Sept. 9, 2004). The court finds that these cases support the conclusion that the opt-out class that plaintiff will seek under Rule 23 in this case is not fundamentally incompatible with the FLSA opt-in class sought in the *Jirak* action. As discussed above, the FLSA indicates that it does not preempt state law claims for wage violations. 29 U.S.C. § 218(a). Further, the concerns regarding incompatibility focus mostly upon potential confusion for class members that may be asked as part of a single action to consider opting in to an FLSA class and opting out of a class under Rule 23. *See, e.g., Ellison*, 2007 WL 2701923 at *2 ("While Defendant may ultimately be able to demonstrate that having concurrent opt-in and opt-out proceedings is unworkable or would unduly confuse potential plaintiffs, this is a fact-specific and case management issue that the Court finds inappropriate to resolve at the Rule 12(f) stage."). Even assuming that the court were to find the issue appropriate for determination at this stage, this type of confusion is not present where, as here, the FLSA class and the Rule 23 class are in entirely separate actions.

### B.     Rule 23 Requirements

While Abbott's motion is primarily directed toward the opt-in versus opt-out argument discussed above, Abbott also bases its motion to dismiss and strike plaintiff's class allegations on the contention that the class allegations are fatally deficient because plaintiff cannot satisfy one of the three requirements set forth in Rule 23(b). Abbott argues that based on the allegations in the complaint, plaintiff cannot show there is a risk of inconsistent judgments per Rule 23(b)(1).[1] Abbott also contends that because monetary relief predominates over any potential injunctive relief,

---

[1] Similarly, Abbott also argues that there would be serious *res judicata* or collateral estoppel implications for permitting both this action and the *Jirak* action to proceed. Specifically, Abbott contends that employees that wish to preserve their right to proceed in an FLSA action would need to opt out of any class that may be certified in the present action. Reply at 5. Even assuming there are *res judicata* concerns, the court does not find that such concerns require the court to dismiss plaintiff's claims or to strike his class allegations at this time.

ORDER DENYING MOTION TO DISMISS OR STRIKE CLASS ALLEGATIONS—No. C-07-05672 RMW
MAG                                                                6

particularly in light of plaintiff's status as a former rather than current Abbott employee, Rule 23(b)(2) does not apply.  Finally, Abbott asserts that a class action cannot be a superior method to adjudicate plaintiff's claims as required by Rule 23(b)(3) because of the co-pending FLSA action.

Motions to strike class allegations are disfavored because a motion for class certification is a more appropriate vehicle for the arguments Abbott advances herein.  On that basis and because the court finds that the state law claims presented herein are not fundamentally incompatible with the FLSA claims presented in the *Jirak* action, the court denies without prejudice Abbott's motion to dismiss or to strike plaintiff's class certification allegations.

### III.  ORDER

For the foregoing reasons, the court denies Abbott's motion to dismiss, and its motion to strike plaintiff's class allegations.

DATED:   2/9/08

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

| | |
|---|---|
| Gregory N. Karasik | greg@spiromoss.com |
| Eric B. Kingsley | KingsleyLaw@aol.com |
| Grant Morris | gmorris@nydclaw.com |
| David W. Sanford | dsanford@nydclaw.com |
| Ira Spiro | Ira@SpiroMoss.com |

**Counsel for Defendants:**

| | |
|---|---|
| Aaron L. Agenbroad | alagenbroad@jonesday.com |
| Michael Jeffrey Gray | mjgray@jonesday.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 2/12/08      /s/ MAG
**Chambers of Judge Whyte**