Aaron L. Agenbroad (State Bar No. 242613)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700
Email: alagenbroad@jonesday.com

Michael J. Gray (admitted *pro hac vice*)
JONES DAY
77 West Wacker, Suite 3500
Chicago, IL 60601-1692
Telephone: (312) 782-3939
Facsimile: (312) 782-8585
Email: mjgray@jonesday.com

Attorneys for Defendant
ABBOTT LABORATORIES

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| **PAUL THORPE, on behalf of himself and others similarly situated,,**<br><br>**Plaintiff,**<br><br>v.<br><br>**ABBOTT LABORATORIES INC. a Delaware corporation, doing business in California as ABBOTT SALES, MARKETING & DISTRIBUTION CO.; and Does 1 to 50, Inclusive,**<br><br>**Defendant.** | Case No. C-07-005672 RMW<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT** |

Defendant Abbott Laboratories Inc., ("Defendant" or "Abbott"), by and through its attorneys, Jones Day, hereby answers the Class Action Complaint, filed on behalf of Plaintiff Paul Thorpe ("Plaintiff"), as follows:

**I**

**INTRODUCTION**

1. Defendant admits only that Plaintiff asserts class action claims in his Class Action Complaint. Defendant denies any remaining allegations in paragraph 1.

2. Defendant denies the allegations in paragraph 2.

3. Defendant denies the allegations in paragraph 3.

4. Defendant admits only that Plaintiff asserts claims under Labor Code §§ 201-203, 226, 226.7, 510, 558, 1194, 1197, 1199, and California Code of Regulations, Title 8, Section 11010. Defendant denies any remaining allegations in paragraph 4.

5. Defendant admits only that Plaintiff seeks relief under Business and Professions Code §§ 17200-17208. Defendant denies any remaining allegations in paragraph 5.

**II**

**PARTIES**

A. **Plaintiffs**

6. Defendant admits only that venue is proper in the U.S. District Court for the Northern District of California, San Jose Division. Defendant denies any remaining allegations in paragraph 6.

7. Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Thorpe's current residence, and it therefore denies the same.

8. Defendant denies the allegations in paragraph 8.

B. **Defendants**

9. Defendant admits that Abbott Laboratories Inc. does business in California as Abbott Sales, Marketing & Distribution Co. and that it is a Delaware corporation with a principal place of business in Abbott Park, Illinois. Answering further, Defendant admits that it employed Plaintiff in its Pharmaceutical Products Division. Defendant denies the remaining allegations in paragraph 9.

10.     Defendant admits only that Plaintiff purports to bring this action against unnamed individuals labeled as "DOES 1 to 50." Defendant denies that any such unnamed individuals are proper defendants in this matter, and denies the remaining allegations in paragraph 10.

11.     Defendant denies the allegations in paragraph 11.

## III

## FACTUAL BACKGROUND

12.     Defendant denies the allegations in paragraph 12.

13.     Defendant denies the allegations in paragraph 13.

14.     Defendant admits only that it employed the Plaintiff. Defendant denies the remaining allegations in paragraph 14.

15.     Defendant denies the allegations in paragraph 15.

16.     Defendant denies the allegations in paragraph 16.

17.     Defendant denies the allegations in paragraph 17.

18.     Defendant denies the allegations in paragraph 18.

19.     Defendant denies the allegations in paragraph 19.

20.     Defendant denies the allegations in paragraph 20.

21.     Defendant denies the allegations in paragraph 21.

## IV

## CLASS ACTION ALLEGATIONS

22.     Defendant admits only that Plaintiff purports to bring this case as a class action on behalf of the putative class described in the Class Action Complaint. Defendant denies the remaining allegations in paragraph 22 and affirmatively states and avers that Plaintiff cannot properly maintain this case as a class action.

23.     Defendant denies the allegations in paragraph 23. Further answering, Defendant affirmatively states and avers that Plaintiff cannot properly maintain this case as a class action.

1      24.    Defendant denies the allegations in paragraph 24.  Further answering, Defendant affirmatively states and avers that Plaintiff cannot properly maintain this case as a class action.

    A.    **Numerosity**

    25.    Defendant admits only that it employed several hundred people engaged in sales of pharmaceutical products during the four years preceding the Complaint. Defendant denies the remaining allegations in paragraph 25 and affirmatively states and avers that Plaintiff cannot properly maintain this case as a class action.

    26.    Defendant denies the allegations in paragraph 26.  Further answering, Defendant affirmatively states and avers that Plaintiff cannot properly maintain this case as a class action.

    B.    **Commonality**

    27.    Defendant denies the allegations in paragraph 27.  Further answering, Defendant affirmatively states and avers that Plaintiff cannot properly maintain this case as a class action.

    C.    **Typicality**

    28.    Defendant denies the allegations in paragraph 28.  Further answering, Defendant affirmatively states and avers that Plaintiff cannot properly maintain this case as a class action.

    D.    **Adequacy of Representation**

    29.    Defendant denies the allegations in paragraph 29.  Further answering, Defendant affirmatively states and avers that Plaintiff cannot properly maintain this case as a class action.

    E.    **Superiority of Class Action**

    30.    Defendant denies the allegations in paragraph 30.  Further answering, Defendant affirmatively states and avers that Plaintiff cannot properly maintain this case as a class action.

1    31.    Defendant denies the allegations in paragraph 31.  Further answering, Defendant affirmatively states and avers that Plaintiff cannot properly maintain this case as a class action.

**V**

**FIRST CAUSE OF ACTION**
**FAILURE TO PAY OVERTIME WAGE (LABOR CODE §§1194, 1101)**

32.    Defendant incorporates its answers and responses to paragraphs 1 through 31 as if fully set forth herein.

33.    Defendant denies the allegations in paragraph 33.

34.    Defendant denies the allegations in paragraph 34.

**VI**

**SECOND CAUSE OF ACTION**
**FAILURE TO FURNISH WAGE STATEMENTS**
**IN VIOLATION OF CALIFORNIA LABOR CODE §226(E)**

35.    Defendant incorporates its answers and responses to paragraphs 1 through 34 as if fully set forth herein.

36.    Defendant admits only that Plaintiff accurately describes the requirements of California Labor Code Section 226(a) for non-exempt employees.  Further answering, Defendant affirmatively states and avers that Labor Code Section 226(a) expressly excepts from its requirements any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under Labor Code Section 515(a) or any applicable order of the Industrial Welfare Commission.

37.    Defendant admits only that Plaintiff accurately describes the requirements of California Labor Code Section 226(a) for non-exempt employees.  Further answering, Defendant affirmatively states and avers that Labor Code Section 226(a) expressly excepts from its requirements any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under Labor Code Section 515(a) or any applicable order of the Industrial Welfare Commission.

38. Defendant denies the allegations in paragraph 38.

39. Defendant denies the allegations in paragraph 39.

40. Defendant denies the allegations in paragraph 40.

41. Defendant denies the allegations in paragraph 41.

42. Defendant denies the allegations in paragraph 42.

43. Defendant denies the allegations in paragraph 43.

## VII

## THIRD CAUSE OF ACTION
## WAITING TIME PENALTIES UNDER LABOR CODE §203

44. Defendant incorporates its answers and responses to paragraphs 1 through 43 as if fully set forth herein.

45. Defendant admits the allegations in paragraph 45.

46. Defendant denies the allegations in paragraph 46.

47. Defendant denies the allegations in paragraph 47.

## VIII

## FOURTH CAUSE OF ACTION
## UNFAIR COMPETITION PURSUANT TO
## BUSINESS & PROFESSIONS CODE §17200 (OVERTIME)

48. Defendant incorporates its answers and responses to paragraphs 1 through 47 as if fully set forth herein.

49. Defendant admits only that Plaintiff asserts claims under California Business and Professions Code § 17200, et seq. Defendant denies the remaining allegations in paragraph 49.

50. Defendant states that paragraph 50 sets forth a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 50.

51. Defendant admits the allegations in paragraph 51.

52. Defendant admits only that California Labor Code Section 90.5(a) recites a policy to enforce minimum labor standards. Defendant denies the remaining allegations in paragraph 52.

53. Defendant denies the allegations in paragraph 53.

54. Defendant denies the allegations in paragraph 54.

55. Defendant denies the allegations in paragraph 55.

56. Defendant denies the allegations in paragraph 56.

57. Defendant denies the allegations in paragraph 57.

## IX

### FIFTH CAUSE OF ACTION
### UNFAIR COMPETITION PURSUANT TO
### BUSINESS & PROFESSIONS CODE §17200 (MEAL)

58. Defendant incorporates its answers and responses to paragraphs 1 through 57 as if fully set forth herein.

59. Defendant denies the allegations in paragraph 59.

## X

### SIXTH CAUSE OF ACTION
### UNFAIR COMPETITION PURSUANT TO
### BUSINESS & PROFESSIONS CODE §17200 (REST)

60. Defendant incorporates its answers and responses to paragraphs 1 through 59 as if fully set forth herein.

61. Defendant denies the allegations in paragraph 61.

### RELIEF REQUESTED

Defendant denies that Plaintiff or the purported Class is entitled to any of the relief requested, or any relief.

### DEFENSES

In further answer to Plaintiff's Class Action Complaint, and as separate and distinct affirmative defenses, Defendant alleges as follows:

**First Affirmative Defense**

**(Failure to State a Claim – All Causes of Action)**

1. Neither Plaintiff's Class Action Complaint nor any purported cause of action alleged therein states facts sufficient to constitute claims upon which relief can be granted against Defendant.

**Second Affirmative Defense**

**(Statute of Limitations – All Causes of Action)**

2. Plaintiff's claims, in whole or in part, are barred by the applicable statutes of limitations, including, but not limited to, Code of Civil Procedure §§ 338, 339, and 340, and California Business and Professions Code § 17208.

**Third Affirmative Defense**

**(Laches – All Causes of Action)**

3. Plaintiff has delayed inexcusably and unreasonably in the filing of this action causing substantial prejudice to Defendant, and, thus, Plaintiff's claims are barred by the equitable doctrine of laches.

**Fourth Affirmative Defense**

**(Waiver – All Causes of Action)**

4. The Class Action Complaint, and each and every cause of action alleged therein, is barred by the doctrine of waiver.

**Fifth Affirmative Defense**

**(Estoppel – All Causes of Action)**

5. The Class Action Complaint, and each and every cause of action alleged therein, is barred by the doctrine of estoppel.

**Sixth Affirmative Defense**

**(Plaintiff Is Exempt from Overtime Wages and Meal and**

**Rest Break Periods Under Labor Code § 226.7 – All Causes of Action)**

6. The Class Action Complaint and each and every cause of action alleged therein is barred since, at all times relevant and material herein, the Plaintiff and any

purported class member were exempt from the overtime compensation and meal and rest break requirements contained in the California Labor Code and in the wage orders of the Industrial Welfare Commission, in that Plaintiff was employed in an administrative, executive, or outside sales capacity within the meaning of the California Labor Code and the applicable wage order.

### Seventh Affirmative Defense

**(No Penalties – All Causes of Action)**

7. Plaintiff is not entitled to any penalty award under Sections 203, 226, or 226.7 of the California Labor Code, or liquidated damages under Section 1194.2 of the Labor Code since, at all times relevant and material herein, Defendant did not willfully fail to comply with the compensation provisions of California Labor Code § 200 *et seq.*, but rather acted in good faith and had reasonable grounds for believing that it did not violate the compensation provisions of the California Labor Code.

### Eighth Affirmative Defense

**(Injunctive Relief Improper – Fourth Cause of Action)**

8. Plaintiff's claims for injunctive relief are barred because Plaintiff has an adequate and complete remedy at law, and/or Plaintiff cannot make the requisite showing to obtain injunctive relief in a labor dispute under California Labor Code § 1138.1, *et seq.*

### Ninth Affirmative Defense

**(Unclean Hands – All Causes of Action)**

9. The Class Action Complaint, and each and every cause of action alleged therein, is barred by the doctrine of unclean hands.

### Tenth Affirmative Defense

**(No Willfulness – All Causes of Action)**

10. Plaintiff is not entitled to the relief requested in the Class Action Complaint because, even if unlawful actions occurred, which Defendant denies, such conduct was prohibited by Defendant's policies and was not committed, countenanced, ratified or approved by Defendant's managing agents.

**Eleventh Affirmative Defense**

**(Mistake – All Causes of Action)**

11. To the extent that the Class Action Complaint states a cause of action, Defendant would be entitled to rescind any guidelines or programs due to a mutual and/or unilateral mistake of fact or law.

**Twelfth Affirmative Defense**

**(Frivolous – All Causes of Action)**

12. Plaintiff's claims are frivolous, unreasonable and groundless, and, accordingly, Defendant should recover all costs and attorneys' fees incurred.

**Thirteenth Affirmative Defense**

**(Takings Clause – All Causes of Action)**

13. Any award of restitution or damages pursuant to California Business and Professions Code Section 17200, *et seq.* would constitute a taking of property without just compensation in violation of the Takings Clause of the United States Constitution and of Article I, Section 19 of the California Constitution.

**Fourteenth Affirmative Defense**

**(Good Faith Dispute – Third Cause of Action)**

14. The claims for waiting time penalties should be denied because a good faith dispute exists as to whether any wages are due.

**Fifteenth Affirmative Defense**

**(Payment – All Causes of Action)**

15. The claims are barred because Plaintiff and those he purports to represent have been paid all wages due and owed.

**Sixteenth Affirmative Defense**

**(Standing – All Causes of Action)**

16. Plaintiff's claims are barred because Plaintiff lacks standing to assert them.

**Seventeenth Affirmative Defense**

**(Violation Of Due Process, Relief For General Public – All Causes Of Action)**

17. To the extent that Plaintiff purports to seek relief on behalf of members of the general public who have suffered no damages, the Class Action Complaint and each of its claims and causes of action violate Defendant's right to due process under the California and United States Constitutions and California law.

**Eighteenth Affirmative Defense**

**(Set Off – All Causes of Action)**

18. Defendant is entitled to setoff, and/or to recoup, any monies paid to Plaintiff or the putative class members.

**Nineteenth Affirmative Defense**

**(Violation Of Due Process, Disgorgement of Profits, and Statutory Penalties – All Causes Of Action)**

19. The imposition of statutory penalties and/or a disgorgement of profits remedy would violate Defendant's rights, including the right to due process and equal protection, under the California and United States Constitutions and other laws.

**Twentieth Affirmative Defense**

**(Statutory Penalties and/or Disgorgement of Profits Constitute Criminal Penalty – All Causes Of Action)**

20. Statutory penalties and/or a disgorgement of profits remedy are so punitive in purpose and effect as to constitute a criminal penalty, entitling Defendant to the rights to be given to defendants in criminal proceedings under the United States and California Constitutions. All procedures and applications of California and federal law in this action that deny Defendant such rights, including, but not limited to, a burden of proof beyond a reasonable doubt, a unanimous jury, and the right against self-incrimination, violate Defendant's rights under such Constitutional provisions.

DEFENDANT'S ANSWER TO CLASS ACTION COMPLAINT

**Twenty-First Affirmative Defense**

**(Proceedings In The Form Of Class Action - All Causes Of Action)**

21. The conduct of this case as a class action would violate Defendant's right to due process and to a jury trial under the United States and California Constitutions.

**Twenty-Second Affirmative Defense**

**(Lack Of Competitive Injury – All Causes Of Action)**

22. Plaintiff lacks standing under Business and Professions Code Section 17200 *et seq.*, because neither he nor the alleged class have suffered a competitive injury.

**Twenty-Third Affirmative Defense**

**(No Retroactivity – All Causes Of Action)**

23. To the extent that certain or all of Plaintiff's causes of action rely in any part on statutory amendments or additions during the class period, those amendments and additions are not retroactive and bar Plaintiff's claims in whole or in part.

**Twenty-Fourth Affirmative Defense**

**(Release – All Causes of Action)**

24. Plaintiff's claims are barred, in whole or in part, because Plaintiff and/or some or all of those he purports to represent released, in exchange for valuable consideration, Defendant from liability for conduct occurring during the employment relationship.

**Twenty-Fifth Affirmative Defense**

**(Reservation of Rights – All Causes of Action)**

25. Defendant has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to assert and rely on such other applicable affirmative defenses as may later become available or apparent. Defendant further reserves the right to amend its answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that it determines are not applicable during the course of subsequent discovery. Nothing stated herein constitutes a concession as to whether or not Plaintiff bears the burden of proof on any issue.

WHEREFORE, Defendant Abbott Laboratories Inc. respectfully requests that the Court dismiss this action with prejudice and award it its costs of action, reasonable attorneys' fees, and such other and further relief as may be just and proper.

Dated: February 27, 2008

JONES DAY

By: /s/ Aaron L. Agenbroad
Aaron L. Agenbroad

Attorneys for Defendant
ABBOTT LABORATORIES

**PROOF OF SERVICE**
**(CCP §§ 1013a, 2015.5)**

STATE OF CALIFORNIA  )
                     )  ss.
COUNTY OF SAN FRANCISCO  )

      I am employed in the aforesaid County, State of California; I am over the age of eighteen years and not a party to the within entitled action; my business address is: **555 California Street, 26th Floor, San Francisco, California 94104-1500.**

      On February 27, 2008, I served the foregoing document(s):

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT**

      on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

| | |
|---|---|
| Charles Joseph<br>Joseph & Herzfeld<br>757 3rd Avenue, 25th Floor<br>New York, NY 10017<br>Telephone: 212-688-5640<br>Fax: 212-688-2548 | James A. Jones<br>Gillespie Rozen Watsky & Jones, P.C.<br>3402 Oak Grove Avenue, Suite 200<br>Dallas, TX 75204 |

[X]  **BY MAIL:** I caused such envelope to be deposited in the mail at San Francisco, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]  **VIA FACSIMILE TRANSMISSION (COURTESY COPY):** I caused such document to be transmitted from facsimile number (415) 875-5700 to the facsimile machine(s) of the party(ies) listed on the attached service list prior to 5:00 p.m. on the date specified above. The facsimile machine I used was in compliance with California Rule of Court 2003(3) and the transmission was reported as complete and without error. Pursuant to California Rule of Court 2208(e)(4), I caused a copy of the transmission report to be properly issued by the transmitting facsimile machine, and a copy of the transmission report is attached hereto. The parties have agreed in writing to service of the document listed above by facsimile.

[ ]  **BY PERSONAL SERVICE:** I delivered such envelope to the offices of the addressee(s) with delivery time prior to 5:00 p.m. on the date specified above.

[ ]  **STATE** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[XX]  **FEDERAL** I declare that I am employed within the office of a member of the bar of this Court at whose direction the service was made.

      Executed on **February 27, 2008**, at San Francisco, California.

*/s/ Sandra Altamirano*
SANDRA ALTAMIRANO
