James A. Jones (admitted *pro hac vice*)
GILLESPIE ROZEN WATSKY &
JONES P.C.
3402 Oak Grove Avenue
Suite 200
Dallas, TX  75204
Telephone:    (214) 720-2009
Facsimile:    (214) 720-2291
Email:  jaj@grwlawfirmcom

Attorneys for Plaintiff
PAUL THORPE

(Additional counsel listed on signature page)

Aaron L. Agenbroad (State Bar No.
242613)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:    (415) 626-3939
Facsimile:    (415) 875-5700
Email:alagenbroad@jonesday.com

Michael J. Gray (admitted *pro hac
vice*)
Brent D. Knight (*pro hac vice
application pending*)
JONES DAY
77 West Wacker, Suite 3500
Chicago, IL  60601-1692
Telephone:    (312) 782-3939
Facsimile:    (312) 782-8585
Email:  mjgray@jonesday.com

Attorneys for Defendant
ABBOTT LABORATORIES

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| **PAUL THORPE, on behalf of himself and others similarly situated,,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**ABBOTT LABORATORIES INC. a Delaware corporation, doing business in California as ABBOTT SALES, MARKETING & DISTRIBUTION CO.; and Does 1 to 50, Inclusive,**<br><br>**Defendant.** | **Case No. C-07-005672 RMW**<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

CHI-1632957v2

1     Pursuant to Civil Local Rule 16-9 and Federal Rule of Civil Procedure 26(f),

2 Plaintiff Paul Thorpe ("Plaintiff") and Defendant Abbott Laboratories Inc. ("Defendant")

3 jointly submit this Case Management Statement.

4 **1.**     **Jurisdiction And Service**

5     Service on the Defendant was effected on or about October 18, 2007.  Defendant

6 timely removed this case to this Court on or about November 7, 2007.

7     This Court has original jurisdiction over this matter pursuant to 28 U.S.C.

8 § 1332(d) (as amended by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119

9 Stat. 14).  Under Section 1332(d), federal courts have original diversity jurisdiction over a

10 class action whenever "any member of a [putative] class of plaintiffs is a citizen of a State

11 different from any defendant" (28 U.S.C. § 1332(d)(2)(A)) and "the matter in controversy

12 exceeds the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C.

13 § 1332(d)(2).  Both requirements are satisfied here because the matter in controversy, in

14 the aggregate, exceeds the sum of $5,000,000, exclusive of interest and costs and there is

15 diversity of citizenship between Plaintiff Paul Thorpe, a citizen of California, and

16 Defendant Abbott Laboratories Inc., a corporation organized under Delaware law with a

17 principal place of business in Illinois.  In addition, the number of members of the

18 proposed plaintiff class in the aggregate is more than 100 as Plaintiff alleges "as many as

19 500 Pharmaceutical Representatives" during the relevant time periods.  Complaint ¶ 25.

20     Defendant does not dispute venue as to this action.

21 **2.**     **Facts**

22     Plaintiff was employed by Defendant as a pharmaceutical representative.

23 Defendant classified Plaintiff as exempt from California's overtime requirements.

24 Plaintiff's Complaint alleges that Defendant's classification of Plaintiff and other

25 pharmaceutical representatives as exempt from California's wage and hour laws violated

26 the California Labor Code.  Plaintiff also alleges that Defendant failed to provide meal

27 and rest break periods to Plaintiff and other pharmaceutical representatives in accordance

28 with the California Labor Code and the California Business and Professions Code.

CHI-1632957v2

1    Defendant asserts that it complied at all times with the California Labor Code, the

2    California Business and Professions Code, and all other applicable laws in classifying

3    pharmaceutical representatives and compensating them.

4    **3.    Legal Issues**

5          a.      Did Defendant violate California Labor Code §§ 510, 1194, 1197, or 1199

6    or California Business and Professions Code § 17200 by failing to pay overtime to

7    Plaintiff?

8          b.      Did Defendant violate California Labor Code §§ 226.7 and 512 or

9    California Business and Professions Code § 17200 by failing to provide meal and/or rest

10   breaks to Plaintiff?

11         c.      Was any failure to provide wages within 72 hours of Plaintiff's termination

12   willful under California Labor Code § 203?

13         d.      Did Defendant violate California Labor Code § 226(a) by providing

14   inaccurate wage statements?

15         e.      Should this case be certified as a class action pursuant to Fed. R. Civ. P. 23?

16   **4.    Motions**

17         Defendant filed a Motion to Dismiss and/or Strike Class Allegations on November

18   15, 2007.  [Doc. 5]  This Court denied Defendant's Motion on February 12, 2008.  [Doc.

19   23]

20         Defendant filed its Answer and Affirmative Defenses on February 27, 2008.

21         The parties anticipate that the Plaintiff will file a motion for class certification and

22   that both parties will file motions for summary judgment.

23   **5.    Amendment Of Pleadings**

24         The parties propose a deadline of May 1, 2008 to amend the pleadings.

25   **6.    Evidence Preservation**

26         Plaintiff has taken steps to preserve all relevant documents in his possession,

27   custody or control.

28         Defendant has taken steps to preserve relevant hard-copy documents and

CHI-1632957v2

1  Electronically Stored Information beginning on October 17, 2007.  Defendant's

2  Pharmaceutical Products Division District Managers and Regional Managers in

3  California, and individuals in Abbott's corporate headquarters with PPD responsibility,

4  have taken steps to preserve, among other things, their e-mail related to the compensation,

5  duties, pay practices, and work hours of Pharmaceutical Sales Representatives who

6  worked in California; personnel files and supervisor files related to Pharmaceutical Sales

7  Representatives who worked in California; employment policies and procedures related to

8  Pharmaceutical Sales Representatives who worked in California; agreements related to

9  Pharmaceutical Sales Representatives who worked in California; complaints raised by

10  Pharmaceutical Sales Representatives who worked in California; and call reports and

11  daily routing schedules of Pharmaceutical Sales Representatives who worked in

12  California.

13  **7.    Disclosures**

14        The parties will serve their initial disclosures pursuant to Fed. R. Civ. P. 26(a) on

15  or before March 20, 2008.

16  **8.    Discovery**

17        Plaintiff and Defendant agree that written discovery will begin on or after March

18  20, 2008.  The parties propose that non-expert, non-damages related discovery including

19  discovery relating to class certification issues be completed on or before July 11, 2008.

20  However, either of the Parties may require an extension of discovery deadlines if this

21  Court grants permission to pursue this lawsuit as a class action under Fed. R. Civ. P. 23.

22        The parties do not propose any changes at this time to the limitations on discovery

23  imposed under the Federal Rules of Civil Procedure or the Local Rules.

24  **9.    Class Actions**

25        The parties propose that non-expert, non-damages related discovery, including

26  discovery relating to class certification issues, be completed on or before July 11, 2008.

27  Plaintiff shall disclose any expert related to class certification on or before June 11, 2008.

28  Defendant shall disclose any expert related to class certification on or before July 11,

CHI-1632957v2

1   2008.  Discovery related to experts shall be completed by August 11, 2008.

2         Plaintiff shall file his motion for class certification on or before August 29, 2008.

3   Defendant shall respond on or before September 29, 2008.  Plaintiff's reply shall be due

4   on or before October 13, 2008.

5   **10.    Related Cases**

6         *James Jirak and Robert Pedersen, Individually and on Behalf of All Others*

7   *Similarly Situated as Class Representatives v. Abbott Laboratories, Inc.*, No. 07CV3626,

8   filed in the United States District Court for the Northern District of Illinois on June 28,

9   2007 ("Jirak") is a related case.

10        The *Jirak* plaintiffs filed a collective action complaint under §216 (b) of the Fair

11  Labor Standards Act of 1938 ("FLSA") purporting to represent all of Abbott's

12  pharmaceutical sales representatives nationwide, who choose to opt-in to that action,

13  which may include sales representatives in California during the time period covered by

14  the allegations of this lawsuit should any choose to opt-in to the *Jirak* action.  The *Jirak*

15  plaintiffs – like Plaintiff here – allege that the putative class regularly worked in excess of

16  40 hours per week and were not paid overtime compensation.  All employees within the

17  definition of the opt-out class described in the instant Complaint also are within the scope

18  of those employees of Abbott to whom the *Jirak*  plaintiffs seek to provide notice in the

19  *Jirak*  collective FLSA action.

20  **11.    Relief**

21        Plaintiff seeks compensatory damages for unpaid overtime, prejudgment and

22  postjudgment interest, and an injunction requiring Defendant to provide overtime

23  compensation and meal and rest breaks to pharmaceutical representatives.  Plaintiff also

24  seeks penalties pursuant to California Labor Code §§ 226(e) and 203; restitution and

25  disgorgement of profits pursuant to California Business and Professions Code § 17200;

26  and an award providing for the payment of attorneys' fees and costs.

27        Defendant denies that any damages are appropriate, even if Plaintiff establishes

28  that he was misclassified as an exempt employee, because Plaintiff did not work more

CHI-1632957v2

than 8 hours in a day or 40 hours in a work week during his employment with Defendant. Plaintiff would not be entitled to penalties under Labor Code Section 203 because any failure to pay overtime was not willful; Plaintiff would not be entitled to penalties under Labor Code Section 226(e) because any failure to pay overtime was not knowing or intentional.

Plaintiff asserts that, if Plaintiff were to prove liability, any unpaid overtime wages would be calculated at the rate of one and one-half times the Plaintiff's regular rate of pay for any hours over 8 in a day or 40 in a work week or all hours worked on the 7th consecutive day in a work week, and two times the Plaintiff's regular rate of pay for any hours over 12 in day or over 8 hours on the 7th consecutive day in a work week.

**12.    Settlement And ADR**

The parties and their counsel each have reviewed the manual on *Dispute Resolution Procedures in the Northern District of California*. The parties believe that settlement discussions and/or ADR would be premature at this time. The parties intend to discuss ADR and other settlement alternatives after discovery has commenced and the issues in the case have been further defined.

**13.    Consent To Magistrate Judge For All Purposes**

The parties do not consent to assignment of a Magistrate Judge for all purposes.

**14.    Other References**

The parties do not believe that this case is appropriate for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing Of Issues**

It is premature at this time to determine whether the factual or legal issues in this case could be narrowed by stipulation or otherwise.

**16.    Expedited Schedule**

The parties do not believe that this case is appropriate for expedited scheduling.

**17.    Scheduling**

The parties propose that non-expert, non-damages related discovery, including

CHI-1632957v2

1    discovery relating to class certification issues, be completed on or before July 11, 2008.

2    Plaintiff shall disclose any expert related to class certification on or before June 11, 2008.

3    Defendant shall disclose any expert related to class certification on or before July 11,

4    2008.  Discovery related to experts shall be completed by August 11, 2008.

5         Plaintiff shall file his motion for class certification on or before August 29, 2008.

6    Defendant shall respond on or before September 29, 2008.  Plaintiff's reply shall be due

7    on or before October 13, 2008.

8         Defendant proposes that the parties be allowed to file dispositive motions at any

9    time, but in no event later than 30 days after the close of fact discovery following the

10   Court's ruling on class certification.  Responses shall be due within 30 days of the date of

11   filing a dispositive motion.  Replies shall be due within 15 days of the Response.

12        Plaintiff's position is that dispositive motions are not appropriate until after the

13   Court has ruled on class certification and all discovery has closed.  Thus, Plaintiff

14   proposes that dispositive motions be due 30 days from the close of fact discovery

15   following the Court's ruling on class certification.  Responses shall be due within 30 days

16   of the date of filing a dispositive motion.  Replies shall be due within 15 days of the filing

17   of the Response.

18        The parties propose a trial date of May 18, 2009.

19   **18.    Trial**

20        Plaintiff has demanded a trial by jury.

21        Plaintiff estimates a trial lasting 3 days if a class action is not certified.  If a class

22   action is certified, Plaintiff estimates a trial lasting 8 days.

23        Defendant estimates a trial lasting 4-5 days if a class action is not certified.  If a

24   class action is certified, Defendant estimates a trial lasting no less than 30 days.

25   **19.    Disclosure Of Non-Party Interested Entities Or Persons**

26        Defendant filed its Certification of Interested Entities or Persons on November 7,

27   2007.  Defendant has no such interest to report.

28        Plaintiff filed his Certification of Interested Entities or Persons on November 15,

CHI-1632957v2

2007.  Plaintiff has no such interest to report.

**20.**    **Other Matters**

    a.    **Disclosure or Production of Electronic or Computer-Based Media (Fed. R. Civ. P. 26(f)(3))**

        i.    Generally

The Parties may request production of electronic or computer-based media ("Electronic Stored Information" or "ESI").  Electronic discovery shall be limited to ESI that is reasonably available and accessible to the responding party.

        ii.    Scope and Cost Required

Depending on the scope of the requests, the anticipated cost and time required for disclosure or production of ESI may be beyond what is reasonably available and accessible to the Parties in the ordinary course of business.  In such cases, the Parties agree to negotiate as to the cost and burden associated with discovery of ESI.

        iii.    Timetable for Production of ESI

In the event that either party contends that that the production time for ESI will take more than 30 days from its request, the parties shall meet and confer with a view to agreeing to production of the requested materials within a reasonable time.

        iv.    Form of Production of ESI

ESI shall, to the extent possible, be produced in an accessible standard format and on a standard media (e.g., hard drive, floppy disk, CD-ROM, JAZ cartridge, ZIP disk, tapes or otherwise).  No party will be obligated to change or convert ESI to a new or different electronic format to make the information compatible with the requesting party's preferences, computer system, or any other computer system.  If any ESI is not readable, or requires a proprietary system to read it, the producing party may elect to produce such information in a commonly available electronic format in a readable and searchable form (such as Excel, Word, or searchable .pdf).  Additionally, the parties reserve the right to request production of certain ESI in native format with all metadata intact.  In the event that a party contends that the production of ESI in native format is burdensome or

1    unreasonably costly, the parties agree to meet and confer regarding the costs with a view

2    to reaching an agreement as to the production and costs.

3          b.    **Claims of Privilege (Fed. R. Civ. P. 26(f)(4))**

4          Pursuant to Fed. R. Civ. P. 26(f)(4), the Parties state that they currently do not have

5    any, and are not aware of any, issue relating to a claim of privilege or protection as it

6    would pertain to trial preparation materials.

7          In accordance with Rule 26(b)(5)(B), the Parties agree that disclosure of

8    information protected by any privilege in this litigation shall not constitute a waiver of any

9    otherwise valid claim of privilege, and failure to assert a privilege in this litigation as to

10   one document or communication shall not be deemed to constitute a waiver of the

11   privilege as to any other document or communication allegedly so protected, even

12   involving the same subject matter.  The Parties agree that any inadvertent inclusion of any

13   privileged or work product material in a production in this action shall not result in the

14   waiver of any associated privilege or protective doctrine nor result in a subject matter

15   waiver of any kind.  If any such material is inadvertently produced, the recipient of the

16   document agrees that, upon request from the producing party, it will promptly return all

17   copies of the document in its possession, delete any versions of the document on any

18   database it maintains, and make no use of the information contained in the document,

19   provided, however, that the party returning such document shall thereafter have the right

20   to apply to the Court for an order that such document was not protected (prior to the

21   inadvertent disclosure) by any privilege or doctrine.  The Parties anticipate filing a

22   proposed protective order addressing the protection of confidential material.

23

24

25

26

27

28

CHI-1632957v2

1    Dated: March 7, 2008                    GILLESPIE, ROZEN, WATSKY & JONES, P.C.

2

3                                           By:    s/ James A. Jones
                                                James A. Jones (admitted *pro hac vice*)
4                                               GILLESPIE ROZEN WATSKY & JONES,
                                                P.C.
5                                               3402 Oak Grove Avenue
6                                               Suite 200
                                                Dallas, TX 75204
7                                               Telephone:    (214) 720-2009
                                                Facsimile:    (214) 720-2291
8                                               Email: jaj@grwlawfirm.com

9

10                                              Eric B. Kingsley
                                                Darren M. Cohen
                                                George R. Kingsley
11                                              Kingsley & Kingsley
                                                16133 Ventura Boulevard, Suite 1200
12                                              Encino, CA 91436
                                                Telephone:  (818) 990-8300
13                                              Facsimile:  (818) 990-2903 (fax)
                                                Email:  KingsleyLaw@aol.com
14
                                                Meenoo Chahbazi
15                                              Grant Morris
                                                Sanford, Wittels, & Heisler
16                                              1666 Connecticut Ave NW
                                                Suite 130
17                                              Washington, DC 20009
                                                202-742-7777
18                                              202-742-7776 (fax)

19
                                                Charles Joseph
20                                              Joseph & Herzfeld
                                                757 3rd Avenue
21                                              25th Floor
                                                New York, NY 10017
22                                              212-688-5640
                                                212-688-2548 (fax)
23

24

25

26

27

28

CHI-1632957v2

- 9 -

1

2

3

4

5

6

7

8

9

Ira Spiro
Gregory N. Karasik
Spiro Moss Barness LLP
11377 West Olympic Boulevard
5th Floor
Los Angeles, CA 90064
310-235-2468
310-235-2456 (fax)
Michael Douglas Palmer
757 Third Avenue
25th Floor
New York, NY 10017
212-688-5640

10

11

12

13

14

David W. Sanford
Sanford, Wittels & Heisler, LLP
1666 Connecticut Ave., N.W., Suite 310
Washington, DC 20009
(202) 742-7780
(202) 742-7776 (fax)

15

16

Attorneys for Plaintiff
PAUL THORPE, on behalf of himself and others similarly situated.

17

18

19

20

21

22

23

24

25

26

27

28

CHI-1632957v2

JOINT CASE MANAGEMENT STATEMENT

1    Dated: March 7, 2008                    JONES DAY

2

3                                     By:    /s/ Aaron L. Agenbroad
                                          Aaron L. Agenbroad
4                                         JONES DAY
                                          555 California Street, 26th Floor
5                                         San Francisco, CA  94104
                                          Telephone:  (415) 626-3939
6                                         Facsimile:  (415) 875-5700
                                          Email:  alagenbroad@jonesday.com
7
                                          Michael J. Gray
8                                         Brent D. Knight
                                          JONES DAY
9                                         77 West Wacker, Suite 3500
                                          Chicago, IL  60601-1692
10                                        Telephone:  (312) 782-3939
                                          Facsimile:  (312) 782-8585
11                                        Email:  mjgray@jonesday.com

12                                        Attorneys for Defendant
                                          ABBOTT LABORATORIES
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CHI-1632957v2

JOINT CASE MANAGEMENT STATEMENT