1

2

3                                                              *E-FILED 7/22/08*

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

12  | PAUL THORPE, on behalf of himself and | Case No. C-07-05672 RMW |
    | others similarly situated,, | |
13  | | **AGREED PROTECTIVE ORDER** |
    | Plaintiff, | |
14  | | |
    | v. | |
15  | | |
16  | ABBOTT LABORATORIES INC. a | |
    | Delaware corporation, doing business in | |
17  | California as ABBOTT SALES, | |
    | MARKETING & DISTRIBUTION CO.; and | |
18  | Does 1 to 50, Inclusive, | |
19  | Defendant. | |

20

21                    **AGREED PROTECTIVE ORDER**

22

23  1.      PURPOSES AND LIMITATIONS

24          Disclosure and discovery activity in this action are likely to involve production of

25  confidential, proprietary, or private information for which special protection from public

26  disclosure and from use for any purpose other than the prosecution and resolution of this litigation

27  would be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter

28  the following Protective Order.  The parties acknowledge that this Order does not confer blanket

1   protections on all disclosures or responses to discovery and that the protection it affords extends

2   only to the limited information or items that are entitled under the applicable legal principles to

3   treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that

4   this Protective Order creates no entitlement to file confidential information under seal; Civil

5   Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that

6   will be applied when a party seeks permission from the court to file material under seal.

7   2.      DEFINITIONS

8           2.1    Party: any party to this action, including all of the officers, directors, employees,

9   consultants, retained experts, and Outside Counsel (and their support staff) of any party.

10          2.2    Disclosure or Discovery Material: all items or information, regardless of the

11  medium or manner generated, stored, or maintained (including, among other things, testimony,

12  transcripts, or tangible things) that are produced or generated in disclosures or responses to

13  discovery or provided in connection with the resolution, including the administration of any

14  settlement, of this matter.

15          2.3    "Confidential" Information or Items: non-public information of a financial,

16  commercial, and/or personal nature, some of which may constitute trade secrets or proprietary

17  information, as well as information (regardless of how generated, stored or maintained) or

18  tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

19          2.4    "Highly Confidential – Attorneys' Eyes Only" Information or Items:  extremely

20  sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty

21  would create a substantial risk of serious injury that could not be avoided by less restrictive

22  means.

23          2.5    Receiving Party: a Party that receives Disclosure or Discovery Material from a

24  Producing Party.

25          2.6    Producing Party: a Party or non-party that produces Disclosure or Discovery

26  Material in this action.

27

28

2.7    <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses as "Confidential" or "Highly Confidential — Attorneys' Eyes Only".

2.8    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9    <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10    <u>House Counsel</u>: attorneys who are employees of a Party.

2.11    <u>Counsel (without qualifier)</u>: Outside Counsel and House Counsel (as well as their support staffs).

2.12    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.    <u>SCOPE</u>

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.    <u>DURATION</u>

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection.  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise agreed or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the

1    level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
2    ATTORNEYS' EYES ONLY").

3              A Party or non-party that makes original documents or materials available for
4    inspection need not designate them for protection until after the inspecting Party has indicated
5    which material it would like copied and produced.  During the inspection and before the
6    designation, all of the material made available for inspection shall be treated as "HIGHLY
7    CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the
8    documents it wants copied and produced, the Producing Party must determine which documents,
9    or portions thereof, qualify for protection under this Order, then, before producing the specified
10   documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or
11   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") on each page that contains
12   Protected Material.

13             (b)     for testimony given in deposition or in other pretrial or trial proceedings,
14   that the Party or non-party offering or sponsoring the testimony identify on the record, before the
15   close of the deposition, hearing, or other proceeding, all protected testimony, and further specify
16   any portions of the testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL
17   – ATTORNEYS' EYES ONLY."  When it is impractical to identify separately each portion of
18   testimony that is entitled to protection, and when it appears that substantial portions of the
19   testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the
20   testimony may invoke on the record (before the deposition or proceeding is concluded) a right to
21   have up to 20 days to identify the specific portions of the testimony as to which protection is
22   sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY
23   CONFIDENTIAL – ATTORNEYS' EYES ONLY").

24             Only those portions of the testimony that are appropriately designated for
25   protection within the 20 days shall be covered by the provisions of this Agreed Protective Order.

26             Transcript pages containing Protected Material must be separately bound by the
27   court reporter, who must affix on each such page the legend "CONFIDENTIAL" or "HIGHLY

28

CONFIDENTIAL – ATTORNEYS' EYES ONLY" as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

> (c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential—Attorney's Eyes Only."

5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party

1   an opportunity to review the designated material, to reconsider the circumstances, and, if no

2   change in designation is offered, to explain the basis for the chosen designation.  A challenging

3   Party may proceed to the next stage of the challenge process only if it has engaged in this meet

4   and confer process first.

5          6.3    Judicial Intervention.  A Party that elects to press a challenge to a confidentiality

6   designation after considering the justification offered by the Designating Party may file and serve

7   a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)

8   that identifies the challenged material and sets forth in detail the basis for the challenge.  Each

9   such motion must be accompanied by a competent declaration that affirms that the movant has

10  complied with the meet and confer requirements imposed in the preceding paragraph and that sets

11  forth with specificity the justification for the confidentiality designation that was given by the

12  Designating Party in the meet and confer dialogue.

13         The burden of persuasion in any such challenge proceeding shall be on the Designating

14  Party.  Until the court rules on the challenge, all parties shall continue to afford the material in

15  question the level of protection to which it is entitled under the Producing Party's designation.

16  7.     ACCESS TO AND USE OF PROTECTED MATERIAL

17         7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or

18  produced by another Party or by a non-party in connection with this case only for prosecuting,

19  defending, attempting to settle this litigation or administering any settlement of this litigation.

20  Such Protected Material may be disclosed only to the categories of persons and under the

21  conditions described in this Order.  When the litigation has been terminated, a Receiving Party

22  must comply with the provisions of Section 11, below (FINAL DISPOSITION).

23         Protected Material must be stored and maintained by a Receiving Party at a location and

24  in a secure manner that ensures that access is limited to the persons authorized under this Order.

25         7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered

26  by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

27  information or item designated CONFIDENTIAL only to:

28

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(f) during and/or in preparation for their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(g) the author of the document or the original source of the information.

7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  With regard to Experts (as defined in this Order) who are also Competitors

of a Party, disclosure shall be made only to those individuals as to whom the procedures set forth in paragraph 7.4, below, have been followed;

(c)    the Court and its personnel;

(d)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(e)    the author of the document or the original source of the information.

7.4    Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to "Experts" Who Are Competitors of a Party.

(a)    Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Receiving Party that seeks to disclose to an Expert who is a Competitor of the Designating Party any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1) identifies the specific HIGHLY CONFIDENTIAL information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), and (5) explains why the Expert satisfies the definition of a Competitor.

(b)    A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within seven court days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c)    A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so.  Any such motion must describe the

1   circumstances with specificity, set forth in detail the reasons for which the disclosure to the

2   Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and

3   suggest any additional means that might be used to reduce that risk. In addition, any such motion

4   must be accompanied by a competent declaration in which the movant describes the parties'

5   efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer

6   discussions) and sets forth the reasons advanced by the Designating Party for its refusal to

7   approve the disclosure.

8         In any such proceeding, the Party opposing disclosure to the Competitor Expert

9   shall bear the burden of proving that the risk of harm that the disclosure would entail (under the

10   safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to

11   its Expert.

12   **8.**   **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER**

13   **LITIGATION.**

14        If a Receiving Party is served with a subpoena or an order issued in other litigation that

15   would compel disclosure of any information or items designated in this action as

16   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," the

17   Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately

18   and in no event more than three court days after receiving the subpoena or order. Such

19   notification must include a copy of the subpoena or court order.

20        The Receiving Party also must immediately inform in writing the Party who caused the

21   subpoena or order to issue in the other litigation that some or all the material covered by the

22   subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must

23   deliver a copy of this Agreed Protective Order promptly to the Party in the other action that

24   caused the subpoena or order to issue.

25        The purpose of imposing these duties is to alert the interested parties to the existence of

26   this Protective Order and to afford the Designating Party in this case an opportunity to try to

27   protect its confidentiality interests in the court from which the subpoena or order issued. The

28   Designating Party shall bear the burdens and the expenses of seeking protection in that court of its

1    confidential material – and nothing in these provisions should be construed as authorizing or

2    encouraging a Receiving Party in this action to disobey a lawful directive from another court.

3    9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

4        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

5    Material to any person or in any circumstance not authorized under this Agreed Protective Order,

6    the Receiving Party must immediately (a) notify in writing the Designating Party of the

7    unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c)

8    inform the person or persons to whom unauthorized disclosures were made of all the terms of this

9    Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

10   Be Bound" that is attached hereto as Exhibit A.

11   10.    FILING PROTECTED MATERIAL.

12       Without written permission from the Designating Party or a court order secured after

13   appropriate notice to all interested persons, a Party may not file in the public record in this action

14   any Protected Material.  A Party that seeks to file under seal any Protected Material must comply

15   with Civil Local Rule 79-5.

16   11.    FINAL DISPOSITION.

17       Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days

18   after the final termination of this action, each Receiving Party must destroy or return to the

19   Producing Party all Protected Material.  As used in this subdivision, "all Protected Material"

20   includes all copies, abstracts, compilations, summaries or any other form of reproducing or

21   capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed,

22   the Receiving Party must submit a written certification to the Producing Party (and, if not the

23   same person or entity, to the Designating Party) by the sixty day deadline that identifies (by

24   category, where appropriate) all the Protected Material that was returned or destroyed and that

25   affirms that the Receiving Party has not, other than as authorized below in the subsequent

26   paragraph, retained any copies, abstracts, compilations, summaries or other forms of reproducing

27   or capturing any of the Protected Material.

28       Notwithstanding the provisions in the immediately preceding paragraph, Counsel are

1  entitled (i) to retain an archival copy of all documents and things produced in discovery,

2  pleadings, motion papers, transcripts, legal memoranda or correspondence, even if such materials

3  contain Protected Material, and (ii) to retain or destroy, as it chooses, any work product, even if it

4  contains Protected Material.  Any such retained material that contains or constitutes Protected

5  Material remains subject to this Protective Order as set forth in Section 4 (DURATION), above.

6  12.    MISCELLANEOUS

7      12.1  Right to Further Relief.  Nothing in this Order abridges the right of any person to

8  seek its modification by the Court in the future.

9      12.2  Right to Assert Other Objections.  By stipulating to the entry of this Protective

10  Order no Party waives any right it otherwise would have to object to disclosing or producing any

11  information or item on any ground not addressed in this Agreed Protective Order. Similarly, no

12  Party waives any right to object on any ground to use in evidence of any of the material covered

13  by this Protective Order.

14      IT IS SO AGREED, THROUGH COUNSEL OF RECORD.

15  / / /

16  / / /

17

18

19

20

21

22

23

24

25

26

27

28

**Case No. C-07-005672 RMW**
**AGREED PROTECTIVE ORDER**

1   Dated:  July 18, 2008                          JONES DAY

2

3                                                   By:   /s/ Aaron L. Agenbroad
                                                        Aaron L. Agenbroad (SBM 242613)
4                                                       Amanda Ose
                                                        JONES DAY
5                                                       555 California Street, 26th Floor
                                                        San Francisco, CA  94104
6                                                       Telephone:  (415) 626-3939
                                                        Facsimile:  (415) 875-5700
7                                                       Email:  alagenbroad@jonesday.com

8                                                       Michael J. Gray
                                                        Brent D. Knight
9                                                       JONES DAY
                                                        77 West Wacker, Suite 3500
10                                                      Chicago, IL  60601-1692
                                                        Telephone:  (312) 782-3939
11                                                      Facsimile:  (312) 782-8585
                                                        Email:  mjgray@jonesday.com
12
                                                    Attorneys for Defendant
13                                                  ABBOTT LABORATORIES

14

15  Dated:  July 18, 2008                          GILLESPIE, ROZEN, WATSKY & JONES, P.C.

16

17                                                  By:_____
                                                        James A. Jones (admitted *pro hac vice*)
18                                                      GILLESPIE ROZEN WATSKY & JONES, P.C.
                                                        3402 Oak Grove Avenue
19                                                      Suite 200
                                                        Dallas, TX 75204
20                                                      Telephone:    (214) 720-2009
                                                        Facsimile:    (214) 720-2291
21                                                      Email: jaj@grwlawfirm.com

22                                                  Attorney for Plaintiff
23                                                  PAUL THORPE

24  PURSUANT TO STIPULATION, IT IS SO ORDERED.

25  DATED:  July 22, 2008

26                                                  _____
                                                    The Honorable Richard Seeborg
27                                                  United States Magistrate Judge

28

CHI-1654178v1                                                      Case No. C-07-005672 RMW
                                                                AGREED PROTECTIVE ORDER
                                      - 13 -

1

## EXHIBIT A

2

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

3      I, _____ [print or type full name], of _____

4   [print or type full address], declare under penalty of perjury that I have read in its entirety and

5   understand the Agreed Protective Order that was issued by the United States District Court for the

6   Northern District of California on [date] in the case of *Paul Thorpe v. Abbott Laboratories, Inc.,*

7   Case No. C-07-005672 RMW, I agree to comply with and to be bound by all the terms of this

8   Agreed Protective Order and I understand and acknowledge that failure to so comply could

9   expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will

10  not disclose in any manner any information or item that is subject to this Agreed Protective Order

11  to any person or entity except in strict compliance with the provisions of this Order.

12      I further agree to submit to the jurisdiction of the United States District Court for the

13  Northern District of California for the purpose of enforcing the terms of this Agreed Protective

14  Order, even if such enforcement proceedings occur after termination of this action.

15      I hereby appoint _____ [print or type full name] of

16  _____ [print or type full address and telephone

17  number] as my California agent for service of process in connection with this action or any

18  proceedings related to enforcement of this Agreed Protective Order.

19

20  Date: _____

21

22  City and State where sworn and signed: _____

23

24  Printed name: _____
                          [printed name]
25

26  Signature: _____
                        [signature]
27

28